[Civ. No. 19228.   Second Dist., Div. Two.   Jan. 28, 1953.]

WALTER E. MICHAELS, Appellant, v. BETSY MUL-
HOLLAND et al., Defendants; BETTY BLAIR ROSS
et al., Respondents.

Walter E. Michaels, in pro per., for Appellant.

No appearance for Respondents.

FOX, J.—Appellant appeals from a judgment of dismissal after a demurrer to his second amended complaint had been sustained without leave to amend.

The most that be gleaned from appellant's final pleading is that on January 11, 1950, he was a "house guest" of one Betsy Mulholland; that she passed away in April, 1950, and no personal representative has been appointed; that he owned certain personal property consisting of several gallons of paint, paint brushes, tools, a life insurance policy, clothing and personal effects; that some of these items were stored in a room he occupied in the Mulholland house and others were at the rear of the house; that when he entered the Mulholland home on January 11, 1950, respondent Ross ordered him to leave immediately and "declared 'held' the plaintiff's property." Appellant then states that respondents have not made any arrangements with him for the storage and safety of this property and that they have denied all knowledge of it. He further alleges that respondent Karges had made "a fraud-like claim" against him in the sum of $64 which he denies owing. Based on these allegations appellant seeks to recover from respondents the value of the personal property and also damages for, among other things, his "unreasonable eviction," which has caused him to lose business contacts in his painting and decorating business.

Appellant does not show the relationship between respondents and decedent, Betsy Mulholland, nor does he allege that the respondents now have or ever had possession of the personal property. It is clear that no cause of action is stated.

In his brief appellant argues that the judgment of dismissal was in excess of the court's jurisdiction because no motion was made for a dismissal. After a demurrer is sustained without leave to amend, as here, no formal motion to dismiss the action is necessary. The entry of a judgment of dismissal follows as a matter of course. It is only

by the entry of the judgment that appellant is in a position to test the correctness of the court's ruling since there is no appeal from a ruling on a demurrer but only from the ensuing judgment. (Code Civ. Proc., § 963.)

Appellant states that he was not given notice of the hearing on respondents' demurrer. It was placed on the calendar in accordance with the rules of the court. Plaintiff, acting as his own attorney, is presumed to have knowledge of these rules, and no further notice of the hearing on the demurrer was required.

Appellant complains of the court's denial of his motion to vacate the judgment of dismissal, and the denial of certain other motions. No appeal is taken from any of these orders, consequently there is nothing for this court to pass upon relative thereto.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.