[Civ. No. 18060. First Dist., Div. One. Mar. 24, 1959.]

FRANK BROWN et al., Appellants, v. LAWRENCE BROWN et al., Respondents.

Bergen Van Brunt, William Gearhart and Allan L. Sapiro for Appellants.

Donald J. Miller and O. Leland Osborne for Respondents.

HANSON, J. pro tem.*—This is an appeal by Frank Brown and Ernestine Brown, plaintiffs, from an order made and entered on May 14, 1957, granting the motion of the defendants, Lawrence Brown and Sara E. Brown, doing business as "B. & B. Topsoil Co.," a partnership, to dismiss plaintiffs' second amended complaint which sets forth three causes of action, to wit: one for a dissolution of the partnership, one for an accounting, and one for declaratory relief.

Both plaintiffs and both defendants are, respectively, husband and wife, and plaintiff Frank Brown and defendant Lawrence Brown are brothers. In May 1951 Frank and Lawrence entered into a general partnership agreement to do business together under the name of "B. & B. Topsoil Co." On October 20, 1952, Frank and Lawrence entered into a written agreement dissolving the partnership. In May 1953, about seven months after the dissolution agreement had been signed, plaintiffs brought this suit. Following the filing of the complaint, an oral stipulation was entered into by the parties and their counsel extending time to plead until further notice was given. On April 12, 1956, almost three years after the complaint was filed, the defendants filed a demurrer to it, principally on the grounds of uncertainty and ambiguity. The demurrer was sustained on April 19, 1956, with leave to amend. On April 26, 1956, plaintiffs filed a first amended complaint pleading common counts to which defendants again demurred on May 4, 1956. The demurrer was by stipulation sustained on May 16, 1956, with 10 days leave to amend. On June 21, 1956, defendant served plaintiffs with a notice of the sustaining of the demurrer to the first amended complaint. About nine months later, on March 15, 1957, plaintiffs filed and served a second amended complaint. Some 49 days later the defendants under the provisions of section 581, subdivision 3, Code of Civil Procedure, moved to dismiss the amended complaint on the ground that it had not been filed within the time allowed by the court. The motion was granted on May 14, 1957.

The plaintiffs-appellants contend that the case falls within the principle announced by the Supreme Court in *Reher* v. *Reed* (1913), 166 Cal. 525 [137 P. 263, Ann.Cas. 1915C 737], which construed some of the mandatory provisions of section 585 of the Code of Civil Procedure, which section contains language similar to that found in section 581, subdivision 3, the section here involved. On the other hand,

*Assigned by Chairman of Judicial Council.

the defendants-respondents contend that the decision in *Daniels* v. *Daniels* (1955), 136 Cal.App.2d 224 [288 P.2d 910], which construed the language of section 581, subdivision 3, is controlling. While the latter case is directly in point, it does not cite the Reher case or that of *Baird* v. *Smith* (1932), 216 Cal. 408, 409 [14 P.2d 749], which followed it.

Before proceeding to a discussion of the above-cited cases, we think it well to quote the language of section 581, subdivision 3, which reads as follows: "An action *may* be dismissed in the following cases: [Emphasis added.]

"3. . . . By the court, when either party fails to appear on the trial and the other party appears and asks for the dismissal, or when, after a demurrer to the complaint has been sustained, the plaintiff fails to amend it within the time allowed by the court, and the defendant moves for such dismissal."

It will be observed that the language here used is permissive (may) as contrasted with the mandatory language of sections 585 and 586 to which reference will be made later. Moreover, it should also be observed that the section above quoted deals with a failure to amend a complaint within the time allowed by the court after a demurrer has been sustained, while sections 585 and 586 deal with the reverse situation, the failure to answer or demur to a complaint within the time allowed by the court.

The court in the Daniels case, *supra,* 136 Cal.App.2d 224, at pages 227-228, in effect held that under section 581, subdivision 3, a plaintiff who failed to amend his complaint within the time specified lost his right absolutely to do so and that the order then became equivalent to a judgment and could be reviewed only in the modes prescribed by statute.

In the Reher case a summons on the cross-complaint was served on the cross-defendants and by stipulation of the parties, filed in the cause, the cross-defendants were given until October 21, 1911, to plead. It was not until 10 days later, on October 31, 1911, that they filed their answer to the cross-complaint. Thereafter, on November 8, 1911, upon application of the cross-complainant Reed, an entry was made by the clerk declaring the default of the cross-defendants for failure to answer within the time stipulated and upon said supposed default the clerk then entered judgment against them for the sum demanded in the cross-complaint. On December 13, 1911, the cross-defendants gave written notice that they would move the court to set aside said judgment. No

affidavit of merits was filed or presented. The court said it was not necessary to resort to section 473 or to determine whether or not, as an application under that section, the grounds were well stated. It went on to say: "The clerk is not authorized to enter a default unless no answer has been filed 'within the time specified in the summons or such further time as may have been granted.' (Code Civ. Proc., § 585.) *When a party, after the time expressly granted for filing a pleading against him has expired, suffers further time to elapse without taking any action thereon, and in the mean time the pleading is served and filed, he, by such conduct, in effect grants the additional time and the party is not strictly in default. The clerk is not authorized to enter a default for failure to file an answer when such answer is on file at the time such default is attempted to be entered."* (Emphasis added.)

In *Baird* v. *Smith, supra,* 216 Cal. 408, 409 (1932), (default prematurely entered), it is stated: "It is well settled that a plaintiff's failure to have the defendant's default *regularly* entered is an implied grant of further time to the defendant in which to appear in the action. [Court's emphasis.] (*Tregambo* v. *Comanche Mill & Min. Co.,* 57 Cal. 501; *Reher* v. *Reed,* 166 Cal. 525, 528 [Ann. Cas. 1915C 737, 137 P. 263]; *Lunnun* v. *Morris,* 7 Cal.App. 710 [95 P. 907]; *Mitchell* v. *Banking Corp.,* 81 Mont. 459 [264 P. 127].)"

However, in 2 Witkin, California Procedure, 1698-1699, the author says: "This rule [the rule enunciated in *Reher* v. *Reed, supra*] has been explained in terms of an 'implied grant' by the plaintiff of additional time to plead. [Citations.] But this is inaccurate both in theory and result. The plaintiff cannot extend the defendant's time to plead except expressly in the manner provided by statute . . ., and the waiver does not confer any right on the defendant. The plaintiff, by his inaction, loses the right to have a default and default judgment entered *as a matter of course, but the defendant does not gain an absolute right to file a belated answer.* [Emphasis added.] The answer, filed after the time has elapsed, may, *in the court's discretion* [emphasis added], be *stricken out* on motion of the plaintiff, and then the default may be entered. As the court said in *Cuddahy* v. *Gragg* (1920), 46 C.A. 578, 580 [189 P. 721] . . .: 'The plaintiff has no absolute right to have the pleading stricken from the files merely because it was not filed in time; *and, on the other hand, the defendant has no absolute right to have his belated pleading*

*remain in the files* [emphasis added] ; for a defendant cannot, *as of right*, answer or demur after the expiration of the time prescribed by statute. It is a proper practice, therefore, for the plaintiff to move to strike the pleading from the files; and, *in the exercise of a sound discretion* [emphasis added], the court very properly may grant such motion to strike.' '' We agree with the above quoted statement from the Cuddahy case.

In *Reher* v. *Reed* an answer to the cross-complaint was filed 10 days late. Nine days thereafter the cross-complainant caused an entry of default and judgment to be made by the clerk. About 30 days thereafter the cross-defendant filed a motion to set aside the default and judgment which was supported by affidavits of excuse. The cross-complainant on the hearing offered no counteraffidavits or other challenge to the truth of the affidavits, but rested his case wholly on statutory grounds. We think the Supreme Court, faced with that situation, was of the view that the burden then rested on the cross-complainant Reed to overcome the showing made by the cross-defendant. As he had not met the burden, the court interpreted his conduct as in effect granting additional time to the cross-defendant to plead. The same is true in the instant case. We accordingly deduce from the opinion of the Supreme Court that the implied grant of time may be overcome by affidavits or evidence. No such showing was made in the instant case.

For the reasons stated, the judgment is reversed.

Peters, P. J., and Bray, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied May 20, 1959. Peters, J. did not participate therein. Gibson, C. J., and Traynor, J., were of the opinion that the petition should be granted.