[Civ. No. 18404. First Dist., Div. One. Dec. 15, 1959.]

EUGENE A. TALIAFERRO, Appellant, v. BEKIN REALTY COMPANY (a Fictitious Name) et al., Respondents.

Eugene A. Taliaferro, in pro. per., for Appellant.

Carlson, Collins, Gordon & Bold and Frederick Bold, Jr., for Respondents.

BRAY, P. J.—Plaintiff appeals from an order denying his motion to vacate a judgment.

QUESTION PRESENTED

Was the judgment void, or procured by fraud?

RECORD

(The record is voluminous. However, only such of it as bears upon the issue here will be stated.)

July 16, 1954, complaint filed.

August 16, 1954, defendants' demurrer to the complaint sustained with 10 days to amend. (Plaintiff did not appear at the hearing of the demurrer.)

January 12, 1955, amended complaint filed.

February 2, notice of sustaining demurrer to original complaint filed.

February 4, second amended complaint filed.

February 16, 1956, default and judgment in favor of defendants filed based upon plaintiff's failure to amend complaint. This judgment was not appealed.

March 24, 1958, plaintiff moved to set aside the judgment on the ground that it was void and procured by fraud.

March 27, order denying motion to vacate.

### WAS THE JUDGMENT VOID? No.

As the notice of sustaining demurrer was not served until February 1, 1955, plaintiff had 10 days thereafter to file amended complaint. (See Code Civ. Proc., § 472b.)

At the time of the entry of the default and judgment on March 27, 1958, there were on file two amended complaints, but neither one of them had been served upon defendants. Sections 432 and 472, Code of Civil Procedure, require service of amended pleadings on the adverse party. Thus plaintiff was in default and the court's judgment was not void.

Even assuming that the second amended complaint had been served and plaintiff's default should not have been entered, the judgment would not have been void but merely voidable, and plaintiff's only remedies would have been appeal or a motion within six months of entry of judgment under section 473, Code of Civil Procedure, for inadvertence, excusable neglect, etc. See *Gray* v. *Hall* (1928), 203 Cal. 306 [265 P. 246]; *Guardianship of Jacobson* (1947), 30 Cal.2d 326 [182 P.2d 545]; *Yurkas* v. *Zampatti* (1946), 75 Cal.App.2d 493, 495 [171 P.2d 455]; *Jones* v. *Alexander* (1950), 101 Cal.App. 2d 44, 45 [224 P.2d 870]; *Thomasian* v. *Superior Court* (1953), 122 Cal.App.2d 322, 329 [265 P.2d 165]; *Mitchell* v. *County Sanitation Dist.* (1957), 150 Cal.App.2d 366, 372 [309 P.2d 930].

The fraud charged by plaintiff is that the application for the default judgment was made ex parte without notice to plaintiff. There is no requirement that notice be given of such an application. Moreover, there could be no fraud in the action of a party demanding entry of the default of the other party for failure to serve a pleading required to be served upon him. However, if there was any fraud in applying for the default judgment, such fraud would be intrinsic and not extrinsic fraud and hence it could only be raised by appeal. (See 3 Witkin, California Procedure, § 76, p. 2130.)

Plaintiff's contention that he was deprived of due process of law is answered in *Gray* v. *Hall, supra,* 203 Cal. 306, 317, where the court held that a similar contention made

there was "untenable," as due process of law is met where, as here, the court has jurisdiction of the subject matter and the parties, even though the court might erroneously determine a question within that jurisdiction. Jurisdiction "implies the power of the court to decide a question wrongly as well as rightly." (P. 314.)

The order is affirmed.

Tobriner, J., and Duniway, J., concurred.