[Civ. No. 19925.   First Dist., Div. Three.   Apr. 6, 1962.]

JOHN R. SOUSA et al., Plaintiffs and Appellants, v. CAPITAL COMPANY et al., Defendants and Respondents.

Thomas, Beedy, Nelson & King, John E. Anderton and Richard H. Perry for Plaintiffs and Appellants.

Erskine & Tulley and J. Benton Tulley for Defendants and Respondents.

DEVINE, J.—There are two matters to be disposed of in this opinion: first, the appeal of plaintiffs from a summary judgment which was rendered against them and in favor of defendant Edward F. Ryan, and, second, a motion by the other defendants in the case to dismiss plaintiffs' appeal on the ground that no judgment or appealable order had been made as to those defendants at the time of the notice of appeal.

As to plaintiffs' appeal in the Ryan matter, our task is to

do no more than to note that counsel for respondents conceded frankly, at oral argument, that he had not perceived that the affidavits in opposition to the motion for summary judgment contain all of the allegations which actually do appear therein, and that a triable issue was, in fact, created by the opposing affidavits. We see no reason for saying more on this point. The summary judgment in favor of Edward F. Ryan is reversed.

The motion to dismiss the appeal, made by defendants Capital Company and John Sassell and Edward F. Ryan, is upon the ground that the controversy has become moot in that, since taking of the appeal, judgment in favor of said defendants has been rendered and has become final.

The facts are these: On July 28, 1960, plaintiffs John R. Sousa, Hester M. Sousa and Central Office Building, a corporation, filed their second amended complaint against Capital Company, a corporation, Edward F. Ryan, John Sassell and several Does. Central Office Building, a corporation, has dismissed its cause. It is unnecessary to describe the rather lengthy complaint except to say, in a general way, that it has to do with an alleged conspiracy to defraud plaintiffs. Demurrer to this second amended complaint was sustained with leave to amend, and a motion to strike certain parts of it was granted, on November 21, 1960. The minute order, so far as it refers to the demurrer, as distinguished from the motion to strike, reads as follows: ". . . in respect to the Special Demurrer directed to the first cause of Action, the Demurrer is sustained as to Specifications VI, VII, VIII (and sub-paragraph of VIII) nominated a, b, c, d, f, g, i, j, q, r, x and y; as to the Second cause of Action, Paragraph XI, sub-paragraphs g and h; as to the Third Cause of Action, paragraph XIV, sub-paragraph d—15 days to amend after notice; . . ."

In the same minute order, the court ordered summary judgment for defendant Ryan granted, and on December 15, 1960, the court signed its judgment in favor of Ryan. On December 29, 1960, plaintiffs appealed the judgment.

From the above, it is plain that although judgment was rendered in favor of defendant Ryan, there was no judgment in favor of the other defendants at that time. Notice of appeal by plaintiffs was filed on December 29, 1960. Plaintiffs obtained stipulations extending time to January 5, 1961, to file a third amended complaint, but thereafter sought no

further stipulations and obtained no order from the court extending time to plead.

On December 1, 1961, defendants obtained judgment in favor of all defendants, including Ryan, on sustaining of the demurrer, there having been no amendment to plaintiffs' pleading. No notice of appeal from the judgment has been filed, but a motion of plaintiffs to set aside the judgment as one in excess of jurisdiction, for relief on the grounds of surprise, excusable neglect and mistake, is pending before the superior court.

█ It is elementary that the order sustaining the demurrer with leave to amend is not appealable. (*Carley* v. *City of Santa Rosa*, 154 Cal.App.2d 214 [315 P.2d 905]; 3 Witkin, California Procedure, p. 2162.)

Appellants ask us, however, to apply that portion of rule 2(c) of the Rules on Appeal which reads as follows: "A notice of appeal filed prior to rendition of the judgment, but after the judge has announced his intended ruling, may, in the discretion of the reviewing court for good cause, be treated as filed immediately after entry of the judgment."

In this case, the judge had not announced any intended ruling of judgment to follow. He had merely sustained a special demurrer, and that in part only, and had permitted leave to amend, of which plaintiffs did not avail themselves. The case, therefore, is essentially different from those cited by appellants. In *Zellers* v. *State*, 132 Cal.App.2d 56 [281 P.2d 296], the trial court had definitely announced judgment in favor of a defendant, and had signed findings of fact and conclusions of law accordingly, but judgment had not been signed. Relief from the prematurity of the appeal was granted. In *Evola* v. *Wendt Construction Co.*, 158 Cal.App.2d 658 [323 P.2d 158], the court had sustained a demurrer without leave to amend, and later had entered judgment for a defendant, but the notice of appeal was filed before the judgment. Relief was granted. We believe the case before us is entirely different and that the rule does not apply; but if it could be held to allow a discretionary ruling, we would deny the relief sought as inappropriate.

█ We do not find validity in appellants' argument that, because this is a conspiracy case, the summary judgment in favor of one defendant put an end to the possibility of plaintiffs' proceeding against the others and made it impossible for plaintiffs to amend their pleadings against the others.

■ An action for damages resulting from the acts of conspirators may be maintained against a single defendant. (*Sayadoff* v. *Warda,* 125 Cal.App.2d 626, 629 [271 P.2d 140].)

The appeal is dismissed as to respondents other than Ryan.

Although the superior court now may proceed to rule on the motion pending as to other defendants than Ryan, the status of the case against Ryan, the summary judgment in his favor having been reversed, is this: demurrer to the second amended complaint as against defendant Ryan has been sustained with leave to amend. As to him, the summary judgment and the appeal therefrom prevented the judgment for failure to amend to apply to him. There could be but one judgment in his favor and he was not entitled to a second judgment.

To summarize: summary judgment in favor of respondent Ryan is reversed; plaintiffs have 15 days from the date this judgment on appeal becomes final to amend their complaint against defendant Ryan; purported appeal is dismissed as to respondents other than Ryan. Each party to bear own costs on appeal.

Draper, P. J., and Salsman, J., concurred.