[Civ. No. 20890.   First Dist., Div. One.   Sept. 30, 1963.]

JOHN R. SOUSA et al., Plaintiffs and Respondents, v. CAPITAL COMPANY et al., Defendants and Appellants.

Erskine & Tully for Defendants and Appellants.

Thomas, Beedy, Nelson & King, John E. Anderton and Richard H. Perry for Plaintiffs and Respondents.

BRAY, P. J.—Defendants appeal from an order vacating plaintiffs Sousas' default and a default judgment thereon after plaintiffs failed to file a third amended complaint.

### QUESTIONS PRESENTED.

1. May a clerk enter default for plaintiffs' failure to amend complaint?

2. Is the method provided by section 581, subdivision 3, Code of Civil Procedure, for the dismissal of an action upon failure of the plaintiff to amend complaint after demurrer sustained with leave to amend, exclusive?

3. Was plaintiffs' motion under section 473, Code of Civil Procedure, to set aside the default judgment, in time?

4. Did the trial court abuse its discretion in setting aside the judgment?

5. Was the application for relief supported by affidavit of merits and proposed amended complaint?

## RECORD.

Plaintiffs John H. Sousa, Hester M. Sousa and Central Office Building, a corporation, filed their second amended complaint against Capital Company, a corporation, Edward F. Ryan, John Sassell and several Does. On November 21, 1960, the general and special demurrer of defendants Capital and Sassell was sustained, as to the Sousas, who were given 15 days to amend. At the same time the motion of defendants Capital and Sassell to strike portions of that complaint was granted in part. Also, on stipulation, the demurrer of all defendants to that complaint was sustained without leave to amend as to plaintiff Central Office Building, and the motion for summary judgment made by defendant Ryan was granted. Notice of these decisions was served upon the Sousas on December 1. December 13, the Sousas' counsel orally requested of defendants' counsel 15 days' additional time to file an amended complaint. On December 15 a stipulation extending the time of all plaintiffs including Central Office Building to December 30, to "move or take any other proceeding" of which they might be advised, was filed. On the same day, the judgment in favor of Ryan and against Central Office Building was signed and filed. December 29, a notice of appeal by all plaintiffs including Central Office Building from all parts of the judgment filed December 15, together with a notice to the clerk to prepare transcript, was served upon defendants. Thereafter defendants' counsel extended plaintiffs' time to file a third amended complaint until January 5, 1961, in a letter in which defendants' counsel stated that he did not know the effect the appeal taken by plaintiffs would have in respect to further prosecution of the action in favor of the Sousas alone, but as a matter of courtesy he desired to call attention to the matter "and to keep your time open with respect thereto so that you could further consider the matter." The Sousas thereafter sought no further extensions, either from court or counsel, nor did they ask for a stay.

May 5, 1961, on application of defendants, without notice, the clerk entered the Sousas' default for failure to amend. Thereafter, on December 1, 1961, a judgment based on the

order sustaining the demurrer was signed by the court and filed.[1]

On March 19, 1962, the Sousas served and filed a notice of motion to vacate the clerk's entry of default and the judgment of December 1, 1961. This motion was made under section 473, Code of Civil Procedure, on the grounds of surprise, excusable neglect and mistake, and on the further ground that the judgment "was entered in excess of jurisdiction" as "the rulings on demurrer were pending [on] appeal" at the time of entry of the default, and the default judgment. The motion was granted. Defendants Capital Company and Sassell appeal from that order.

## 1. DEFAULT BY CLERK.

Plaintiffs contend and the court held, that where a plaintiff fails to amend his complaint after demurrer sustained with leave to amend, the clerk has no authority to enter a default, but the only procedure open to a defendant to obtain a default judgment is a motion to dismiss under section 581, subdivision 3, Code of Civil Procedure. That section provides: "An action may be dismissed ... 3. By the court ... when, after a demurrer to the complaint has been sustained, the plaintiff fails to amend it within the time allowed by the court, and the defendant moves for such dismissal."

There is no code provision for the entry of a default or a default judgment where the plaintiff fails to amend his complaint after demurrer thereto sustained. Sections 585 and 586, Code of Civil Procedure, deal only with default by a defendant. The only code section dealing with a default of a plaintiff is the above section 581, subdivision 3, which, however, does not speak of a default but of a dismissal based upon motion. The question as to whether this section provides an exclusive method of dealing with the failure of a plaintiff to amend has not been flatly decided in this state.

Defendants point out that there is a conflict in the deci-

---

[1]In *Sousa* v. *Capital Co.* (1962) 202 Cal.App.2d 221 [20 Cal.Rptr. 598], the court considered two matters: (1) The appeal of plaintiffs from the summary judgment in favor of Ryan. That judgment was reversed. (2) The motion by defendants Capital and Sassell to dismiss plaintiffs' appeal as against them on the ground that no judgment or appealable order had been made as to those defendants at the time of the notice of appeal. By the time the motion was heard, the controversy had become moot, as judgment in favor of said defendants had been rendered and had become final. That motion was granted and the appeal dismissed.

sions as to whether when time is given to amend a pleading, and it is not amended within that time, there is an actual default, or whether by not seeking to take advantage of the failure to amend the opponent is deemed, by conduct, to grant additional time and the party is not strictly in default. Defendants then contend that under either theory the clerk may enter the default when requested. An examination of the cases cited by defendants concerning these theories shows that they were cases involving demurrers sustained without leave to amend, or if with leave to amend, they were cases in which motions were made under section 581, subdivision 3, or cases that did not consider section 581, subdivision 3, at all. As will hereinafter appear, the courts have adopted more than one type of procedure to obtain dismissal of an action where a demurrer has been sustained without leave to amend, or where the plaintiff has failed to amend after demurrer sustained with leave to amend.

*Michaels* v. *Mulholland* (1953) 115 Cal.App.2d 563, 564 [252 P.2d 757], was a case of demurrer to second amended complaint sustained without leave to amend. The reviewing court held, without discussion or considering section 581, subdivision 3, that no formal motion to dismiss the action was necessary.

In *Wilson* v. *City of Los Angeles* (1958) 156 Cal.App.2d 776 [320 P.2d 93], the demurrer to the complaint was sustained with leave to amend. The complaint not having been amended in the time allotted, the defendant moved under section 581, subdivision 3, for a dismissal, which was granted. The order of dismissal was affirmed on appeal. The court's opinion stated that "the judgment of dismissal ensues as a matter of course . . . ." (P. 778.)

In *Legg* v. *United Benefit Life Ins. Co.* (1960) 182 Cal. App.2d 573 [6 Cal.Rptr. 73], in upholding a judgment of dismissal based on an order sustaining demurrer to complaint without leave to amend, the court, citing *Michaels* v. *Mulholland, supra,* 115 Cal.App.2d 563, and *Berri* v. *Superior Court, infra,* 43 Cal.2d 856 [279 P.2d 8], held that a formal motion to dismiss is not required. It also stated, citing *Oppenheimer* v. *Deutchman* (1955) 132 Cal.App.2d Supp. 875 [281 P.2d 650], that no notice of a motion to dismiss is required.

It is interesting to note that in *Oppenheimer* the order of dismissal of the action for failure of the plaintiff to amend his complaint within the allowed time, was made, but no notice of the motion to dismiss was given. In holding that no

notice is required, the court pointed out that section 581, subdivision 3, does not require such notice. After referring to "and the defendant moves for such dismissal" contained in the statute, the court said, "The words 'on motion' mean that the court cannot dismiss the action without the request of a party." (P. 879.)

In *Stafford* v. *Ballinger* (1962) 199 Cal.App.2d 289 [18 Cal.Rptr. 568], a judgment of dismissal was entered after demurrers to the third amended complaint were sustained without leave to amend. It does not appear what proceedings were taken to obtain the dismissal. The court said (p. 298) : "When a demurrer to a complaint has been sustained without leave to amend, the only judgment which properly may be entered is a dismissal of the action."

*Rudolph* v. *Fulton* (1960) 178 Cal.App.2d 339 [2 Cal.Rptr. 807], in affirming a judgment of dismissal based upon an order sustaining demurrer without leave to amend, we said, citing *Berri* v. *Superior Court* (1955) 43 Cal.2d 856[279 P.2d 8], and 2 Witkin, California Procedure, p. 1496, that such an order "is followed as a matter of course by a judgment of dismissal, which is made and entered in the absence of both parties . . ." (P. 343.) All Witkin, *supra,* says on the subject is, "If the plaintiff elects not to amend or fails to file an amended pleading within the prescribed time . . . *a final judgment of dismissal* will be rendered against him *on motion by the defendant.* (P. 1496 ; last italics added.)

*Rupley* v. *Huntsman* (1958) 159 Cal.App.2d 307, 315 [324 P.2d 19], holds that after demurrer sustained with leave to amend, and the plaintiff fails to amend within the specified time, no formal motion to dismiss the action is necessary. It is not clear how the judgment of dismissal there was obtained. The holding is based upon a statement in *Michaels* v. *Mulholland, supra,* 115 Cal.App.2d 563, 564: "The entry of a judgment of dismissal follows as a matter of course." In *Michaels* no discussion occurs and no mention is made of section 581, subdivision 3. Moreover, the demurrer there was sustained without leave to amend.

*Brown* v. *Brown* (1959) 169 Cal.App.2d 54 [337 P.2d 140], was an appeal from an order dismissing a second amended complaint. The demurrer to the first amended complaint had been sustained with 10 days leave to amend. Some 49 days thereafter the plaintiffs filed a second amended complaint. The defendants then, "under the provisions of section 581, subdivision 3, Code of Civil Procedure, moved to dismiss the

amended complaint on the ground that it had not been filed within the time allowed by the court.'' (P.55.) Relying on *Daniels* v. *Daniels* (1955) 136 Cal.App.2d 224 [288 P.2d 910], which ''in effect held that under section 581, subdivision 3, a plaintiff who failed to amend his complaint within the time specified lost his right absolutely to do so and that the order then became equivalent to a judgment and could be reviewed only in the modes prescribed by statute'' (*Brown* v. *Brown,* p. 56) the defendants contended that the amended complaint could not be filed without an application for and the granting of relief from default. The reviewing court pointed out that section 581 provides, ''An action *may* be dismissed in the following cases:...'' (italics added) and that the language is permissive. It then held in effect that failure to amend in the given time did not deny the plaintiffs the right to file their amended complaint thereafter, but on a motion to strike that complaint from the files the court had the discretion to strike or to refuse to strike it.

In *Berri* v. *Superior Court, supra,* 43 Cal.2d 856, the defendants sought a writ of mandate to compel the court to enter a dismissal of the action pursuant to an order sustaining a demurrer without leave to amend. It appears that the court, 48 days before the expiration of the five-year period, had made an order sustaining without leave to amend the demurrer to the fifth amended complaint. No judgment was ever entered. An appeal from the order was filed which was later dismissed by the District Court of Appeal on the ground that the order was not appealable. After the expiration of the five-year period the plaintiff presented a judgment for signing and entry. The court refused, stating ''it thought a formal motion for entry of a judgment should be made inasmuch as the five years had elapsed.'' The defendants then filed a notice of motion to dismiss for failure to bring the action to trial with the five-year period. That motion was held in abeyance awaiting the determination of the Supreme Court's decision on the petition for mandamus to compel the entry of judgment pursuant to the order sustaining the demurrer. The court discussed the effect on the five-year period of the ruling on the demurrer, and pointed out that because no judgment had been entered the plaintiff had not been in a position to test the validity of the order. Hence, until there was a final determination of the validity of the order, the action could not be dismissed because of the expiration of the five-year period. Concerning the matter of

dismissal based upon the order sustaining demurrer the court said (pp. 859-860) : "It is clear that where there has been a judgment of dismissal after demurrer sustained without leave to amend or leave to amend is granted but plaintiff fails to amend within the time allowed, the action is finally terminated by the judgment because there is no longer any pending undetermined action to dismiss. . . . Actions can be finally disposed of by an order sustaining a demurrer and the entry of an ensuing judgment dismissing the action. . . . Ordinarily, in the absence of a request for a reconsideration, after a demurrer is sustained without leave to amend, as here, no formal motion to dismiss the action is necessary. The entry of a judgment of dismissal follows as a matter of course. It is only by the entry of the judgment that plaintiff is in a position to test the correctness of the court's ruling since there is no appeal from a ruling on a demurrer but only from the ensuing judgment. (*Michaels* v. *Mulholland*, 115 Cal.App.2d 563, 564 [252 P.2d 757].) Where a demurrer has been sustained without leave to amend, or the time given to amend has expired, the matter has reached such a stage that a final determination of the action is contemplated. . . ." The court pointed out that at any time before the judgment of dismissal pursuant to the order sustaining the demurrer is filed, "the trial court may change its ruling on the demurrer. . . ." (P. 861.) The reviewing court then ordered the writ to issue "directing the trial court to enter a judgment of dismissal or overrule the demurrer." (P. 861.)

In *Goldtree* v. *Spreckels* (1902) 135 Cal. 666 [67 P. 1091], after the trial court had sustained a demurrer to two causes of action of the complaint without leave to amend and thereafter denied the plaintiff's request for a dismissal of the two causes of action, the clerk on request of the plaintiff's attorneys entered an order of dismissal. The court ordered the entry of dismissal by the clerk to be set aside. The Supreme Court upheld the trial court's order on the ground that there had been a trial on the issue of the validity of the complaint and that the plaintiff could not thereafter dismiss the action.

In *Daniels* v. *Daniels, supra,* 136 Cal.App.2d 224, the demurrer of the defendant Orrin Daniels to the second count of the amended complaint was sustained, the plaintiff given 10 days to amend. The demurrer of the defendants Donald and Genevieve Daniels to the entire amended complaint was sustained and the plaintiff given 10 days to amend. After the time allowed by the court the plaintiff filed a second amended

complaint. Thereafter the defendant Orrin Daniels moved to dismiss the second count of that complaint, and the other defendants moved to dismiss the entire second amended complaint. The trial court granted the motions, stating that it was acting pursuant to section 581, subdivision 3, on the ground that the second amended complaint was not timely filed. The plaintiff then moved under section 473 to set aside the dismissals. This motion was denied. The plaintiff appealed both from the orders of dismissals and the order denying the motion to set aside the dismissals. The reviewing court held that the order dismissing the second count of the second amended complaint as to Orrin Daniels was not appealable, as being premature. In upholding the order dismissing as to the other two defendants the entire complaint as not timely filed, the court said (pp. 227-228): "Under section 581, subdivision 3, of the Code of Civil Procedure an action may be dismissed 'when, after a demurrer to the complaint has been sustained, the plaintiff fails to amend it within the time allowed by the court, and the defendant moves for such dismissal.' In *Lincoln Holding Corp.* v. *Union Indem. Co.*, 129 Cal.App. 399 [18 P.2d 744], it is said (p. 401):

"'When plaintiff failed to amend its complaint within the time specified, the right of the plaintiff so to do ceased. The order became equivalent to a judgment and could be reviewed only in the modes prescribed by statute.'"

There are cases which hold that when a demurrer to a complaint is sustained without leave to amend the clerk may enter a judgment of dismissal. (*Gallardo* v. *Reed* (1874) 49 Cal. 346, 347; *Lang* v. *Superior Court* (1886) 71 Cal. 491, 492 [12 P. 306, 416]; *Litch* v. *Kerns* (1908) 8 Cal.App. 747, 749 [97 P. 897]; *Le Breton* v. *Stanley Contracting Co.* (1911) 15 Cal.App. 429, 434 [114 P. 1028].) In none of these cases was there any discussion of the subject other than the flat statement that the clerk could enter the judgment. The latter three cases all cite and follow *Gallardo*. Prior to 1933 when section 581 was amended by the inclusion of subdivision 3, there was no statutory provision for dismissals when a demurrer to a complaint was sustained with or without leave to amend. Therefore, they are of little value in determining the effect of section 581, subdivision 3.

*Taliaferro* v. *Bekin Realty Co.* (1959) 176 Cal.App.2d 240 [1 Cal.Rptr. 385], dealt with an appeal from an order denying motion to vacate a default and judgment based upon the

plaintiff's failure to amend his complaint after demurrer sustained and 10 days leave to amend. Whether section 581; subdivision 3, was followed in the entry of the default judgment does not appear. The "default and judgment in favor of defendants ... based upon plaintiff's failure to amend complaint" (p. 242) were upheld.

In *Craig* v. *City of Los Angeles* (1941) 44 Cal.App.2d 71 [111 P.2d 977], the trial court dismissed the action apparently after a default entered by the clerk upon the failure of the plaintiff to amend the complaint after demurrer sustained with leave to amend. The dismissal was upheld.

*Mihelich* v. *Butte Electric Ry. Co.* (1929) 85 Mont. 604 [281 P. 540], holds that in Montana, where a plaintiff fails to amend his complaint within the time allowed by the court on sustaining a demurrer to the complaint, the clerk is authorized to enter default.

It appears from a study of the authorities that two and possibly three methods have been used by the courts of California in dismissing an action after the failure of a plaintiff to amend his complaint after demurrer thereto sustained with leave: (1) by following section 581, subdivision 3, Code of Civil Procedure; (2) by a dismissal by the court without notice to the plaintiff. In some cases this dismissal has been preceded by a clerk's entry of default; in a third situation, the dismisal has been without a prior entry of default by the clerk.

We are of the opinion that the clerk has no authority to enter on his own default in such cases, for two reasons: (1) no such authority appears to be given him expressly or impliedly in the statutes; (2) because as stated in *Berri* v. *Superior Court, supra,* 43 Cal.2d at page 860, "the trial court may reconsider its ruling after such an order [the order sustaining demurrer] but before judgment and come to a different conclusion." For a clerk to enter a default would be cutting off this power of the court. Therefore, we determine that the entry of default by the clerk in the case at bench was void.

Defendants contend that under the presumption of due legality (Code Civ. Proc., § 1963, subds. 15 and 17) we are required to presume that the default entered by the clerk was entered pursuant to order of court. Any such order would have to appear in the record, and there is none. (See *Simons* v. *Superior Court* (1959) 52 Cal.2d 373, 378- 379 [341 P.2d 13], where the court ordered the clerk to enter in the minutes its order dismissing the complaint.)

## 2. SECTION 581, SUBDIVISION 3, METHOD OF DISMISSAL NOT EXCLUSIVE.

The facts that in this case the clerk's entry of default was improper and that the court did not proceed under section 581, subdivision 3, does not determine that section 581, subdivision 3, provides an exclusive method of dismissal in cases of this kind, nor that the court's judgment of December 1, dismising the action, was void. The court has an inherent power of control over its proceedings and may enforce any order it makes. Here it sustained the demurrer with leave to amend the complaint within a limited time. Plaintiffs did not so amend. Even without section 581, subdivision 3, the court had the power to enforce its order by dismissing when plaintiffs did not, in effect, comply with the terms upon which the court granted plaintiffs permission to amend. There is nothing in the section that makes it the exclusive method of dealing with the situation. In dismissing the action under its inherent power, there was no necessity for a prior determination of default. That determination the court had the right to make at the time of dismissal.

In *Simmons* v. *Superior Court, supra,* 52 Cal.2d 373, in affirming an order dismissing an action after failure of the plaintiff to amend complaint after demurrer sustained with leave to amend, the court in a footnote stated (p. 376) : ''It appears that defendant's demurrer to the complaint was sustained with leave to amend, but that defendant elected to stand on the pleadings. In such a case, although the court may reconsider the demurrer, the defendant is entitled to have a dismissal entered on motion in the absence of counsel for plaintiff and without notice to him. *(Saddlemire* v. *Stockton Savings etc. Soc.,* 144 Cal. 650, 655-656 [79 P. 381] ; *Berri* v. *Superior Court,* 43 Cal.2d 856, 860 [279 P.2d 8].)''

## 3. MOTION UNDER SECTION 473 IN TIME.

As the clerk had no authority to enter the default, such entry was void and could be set aside at any time, so we are not concerned with the running of time from that event. The court's judgment was filed on December 1, 1961. Plaintiffs filed their motion to vacate the judgment on March 19, 1962. Section 473 provides that a motion under that section must be made within six months. Therefore plaintiffs' motion was within time.

## 4. THE TRIAL COURT DID NOT ABUSE ITS DISCRETION.

It has been stated so often in regard to proceedings

under section 473 as hardly to require citation of authorities, that that section is remedial and should be liberally construed and applied so that one who has a meritorious case should be given an opportunity to present it, and that "Unless the order of the trial court, and the record, indicate a clear abuse of discretion, reviewing courts will not interfere." (*Bonfilio* v. *Ganger* (1943) 60 Cal.App.2d 405, 410 [140 P.2d 861] ; see 3 Witkin, Cal. Procedure, p. 2098.)

In their motion to set aside the default and judgment, plaintiffs, in addition to claiming that both were void, asked relief under section 473 for surprise, excusable neglect and mistake. The basis of this claim as set forth in the declaration of plaintiffs' attorneys is (1) their assumption in good faith (mistaken though it was) that in the appeal from the judgment in favor of Ryan the rulings of the trial court on various special demurrers and motions to strike were included and therefore the complaint need not be amended until after the determination of the appeal; (2) that it is the customary and recognized practice among members of the bar in San Francisco and adjacent counties known to defendants' attorneys that before taking a default counsel will notify opposing counsel of their intention to take default and give him a reasonable time to take appropriate action; that prior to taking the default defendants' attorneys had been most careful to give plaintiffs' attorneys notice of all proceedings, but did not notify them of the intention to take default; (3) that four months after the default was taken defendants filed their brief on the appeal without informing plaintiffs and the court that the appeal was actually moot because of the default; and (4) that plaintiffs' attorneys believed that the action in the superior court and that in the appellate court were interdependent in that the cause of action against defendant Sassell is for conspiracy to defraud in concert with defendant Ryan, and because the cause of action against Capital Company is dependent upon the agency relationship of defendant Ryan as president and defendant Sassell as vice president; that all of the defendants appeared jointly and counsel believed that the demurrers and motions to strike were merged in the judgment from which the appeal was taken and "that it would be impossible to amend the Complaint to state a cause of action for conspiracy in the face of a summary judgment in favor of one of two coconspirators."

One of defendants' attorneys in opposition to the motion to set aside the default and judgment, stated that at the request of one of plaintiffs' attorneys he had agreed to a 15-day

extension of the time for filing the amended complaint, but that the written extension prepared by plaintiffs' attorneys related to other matters. When he received notice of the appeal from the judgment in favor of Ryan, he noticed for the first time the inclusion of these other matters. He then wrote plaintiffs' attorneys extending plaintiffs' time to amend to January 5, 1961. He called their attention to the problem of whether or not the appeal would stay further proceedings in the trial and suggested that plaintiffs' attorneys consider this problem. Thereafter, plaintiffs' attorneys sought no further extensions from him, nor did they obtain any stay. Declarant knew of no custom that requires counsel to advise more than once of problems of this sort. Declarant then pointed out that although plaintiffs' attorneys contended in their brief on appeal that the rulings of the trial court on various special demurrers and motions to strike were included in the appeal and that the actions in the superior and appellate courts were interdependent, the appellate court held otherwise.

The trial court stated in its order granting the motion to set aside default and judgment that its ruling was based upon two grounds: (1) that the clerk in entering the default acted in excess of his authority and that subsequent proceedings based upon that entry were ineffective. The court conceded that there was some doubt as to the legal soundness of the ruling on this ground. As we have hereinbefore pointed out, although the entry by the clerk of default was void, the judgment by the court of dismissal for failure to amend was valid. Hence, as to the judgment, the trial court was in error in holding that it could be set aside upon this ground. The second ground is stated by the court: "The second ground is more persuasive, however, and can be summarized by stating that it is the opinion of this Court that the plaintiffs were in good faith in believing that the Ryan appeal stayed proceedings in this entire case and that they were under no obligation to amend their pleadings until the Ryan appeal was disposed of. It should be understood that the Court does not hold that plaintiffs were correct in this assumption. Their belief, however, was valid enough to allow them to seek the benefits of section 473, Code of Civil Procedure, in applying for relief."

Thus, boiled down, the question before us is whether the court abused its discretion in granting relief because plain-

tiffs' attorneys, acting in good faith, failed to amend in time because of their mistaken view of the law.[2]

"Although it is well settled that an honest mistake of law may justify relief under section 473, Code of Civil Procedure [citations], what constitutes a mistake of law excusable under the statute is not as well settled. Because it is mainly a factual question, the cases vary considerably in the application of section 473, and there appears to be no exact test for determining the issue, but they do agree generally that the determining factor is the reasonableness of the misconception; and where the court finds that the alleged mistake of law is the result of professional incompetence based upon erroneous advice [citation], general ignorance of the law or lack of knowledge of the rules [citation], or unjustifiable negligence in the discovery or research of the law, laxness or indifference [citations] normally relief will be denied." (*Fidelity Fed. Sav. & Loan Assn.* v. *Long* (1959) 175 Cal. App.2d 149, 154 [345 P.2d 568].)

The court in the instant case held that plaintiffs' mistaken belief that the Ryan appeal stayed the proceedings and that for that reason they had no obligation to amend their pleadings, was in good faith and justified relief. Plaintiffs claim to have relied, in forming their opinion, upon such cases as *Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 812-813 [122 P.2d 892], and *Freeman* v. *Churchill* (1947) 30 Cal.2d 453, 461 [183 P.2d 4], to the effect that a judgment in favor of an agent is a bar to an action against the principal. It is further claimed that plaintiffs thought *Sayadoff* v. *Warda* (1954) 125 Cal.App.2d 626 [271 P.2d 140], to the effect that an "action for damages resulting from the acts of conspirators may be maintained against a single defendant," (*Sousa* v. *Capital Co., supra,* 202 Cal.App.2d 221, 224) was inapplicable. The trial court evidently felt that there was reasonable ground for this belief, particularly in

---

[2]Apparently the trial court based no part of its ruling on the question of the alleged custom of the bar not to take default without notice of intention so to do. Although plaintiffs' attorneys referred to this alleged custom, they nowhere in their declarations stated that they relied upon it or that their failure to amend was because of belief that they would be notified before default would be taken. Thus, the sole ground of the court's action is the reliance in good faith by plaintiffs' attorneys upon their mistaken version of the law. It is of some significance that they argued these mistaken beliefs on their appeal from the Ryan judgment and on their premature appeal from the order sustaining demurrer. See *Sousa* v. *Capital Co., supra,* 202 Cal.App.2d 221.

view of the fact that plaintiffs urged their version of the law on the appeal. On the whole, it does not appear that the court abused its discretion in granting relief on this particular ground. To paraphrase the statement in *Security Truck Line* v. *City of Monterey* (1953) 117 Cal.App.2d 441, 445 [256 P.2d 366, 257 P.2d 755], "In the instant case we are not interested in the question as to whether the trial court could have ... [denied] relief based on the claimed mistake of law, but, since the trial court ... [granted] relief, only in whether such holding was within its discretion." As further said in this case (p. 445): "There is a somewhat tenuous line between a mistake of law and ignorance of law. The difference is probably only one of degree. In such cases all factors involved must be considered to determine whether relief should be granted or denied. While there is a strong public policy in favor of permitting a trial of a case on its merits, the determination as to whether a particular mistake of law warrants the granting of relief reposes largely in the discretion of the trial court. (*Beard* v. *Beard,* 16 Cal.2d 645 [107 P.2d 385].)"

The facts in that case are somewhat similar to those in the case at bench. The appellate court held that the trial court did not abuse its discretion in refusing to set aside the default judgment. In so doing, however, the court did not hold that as a matter of law relief had to be denied. It merely held that under the circumstances there was no abuse of discretion in denying it. As pointed out above, the court did not consider whether under the facts relief could have been granted by the trial court.

Practically all of the cases relied upon by defendants were cases in which the trial court in the exercise of its discretion had refused to set aside the judgment because of mistake of law. This fact distinguishes them from our case. Among such cases are *Fidelity Fed. Sav. & Loan Assn.* v. *Long, supra,* 175 Cal.App.2d 149; *A & S Air Conditioning* v. *John J. Moore Co.* (1960) 184 Cal.App.2d 617 [7 Cal.Rptr. 592]; *Kent* v. *County Fire Ins. Co.* (1938) 27 Cal.App.2d 340 [80 P.2d 1019]. We see no abuse of discretion in the trial court's action.

### 5. AFFIDAVIT OF MERITS AND PROPOSED AMENDED COMPLAINT.

Section 473 provides in pertinent part: "Application for such relief must be accompanied by a copy of the

answer or other pleading proposed to be filed therein, otherwise the aplication shall not be granted. ..."

·· Plaintiffs' notice of motion to set aside default was accompanied by a "Motion for Order Continuing Time Within Which to Plead." This was not a pleading. (Code Civ. Proc., §§ 420, 422.) Before the motion was finally heard a verified amended complaint was filed by plaintiffs. In *County of Los Angeles* v. *Lewis* (1918) 179 Cal. 398, 400 [177 P. 154], it was held that on a motion by the defendant under section 473 to set aside default an answer to the complaint served and filed two days prior to serving the notice of motion to set aside the default was "in substance and effect" (P. 400) deemed to accompany the notice. The court stated (P. 400): "The plain object of the provision was simply to require the delinquent party seeking leave to contest on the merits, to show his good faith and readiness to at once file his answer in the event that leave is granted by producing a copy of the proposed answer for the inspection of his adversary and the court. ... The provision of section 473 of the Code of Civil Procedure, here involved, like the remainder of the section, must be liberally construed with a view to substantial justice, and we are of the opinion that it must be held that, in view of the facts stated, the application for relief was 'accompanied' with a copy of the answer proposed to be filed." (See *Bailiff* v. *Hildebrandt* (1920) 47 Cal.App. 564, 566 [191 P. 42].)·

In *La Bonte & Ransom Co., Inc.* v. *Scellars* (1928) 90 Cal.App. 183, 185 [265 P. 550], in denying the defendant's motion to set aside default the court stated that defendant did not accompany his motion "with a copy of his answer or other pleading, *nor did he propose to file with his motion or at all* any answer or other pleadings as required by" section 473. (Italics added.) This is not the situation here.

In *Ellerhorst* v. *Blankman* (1929) 102 Cal.App. 133 [282 P. 507], the plaintiffs moved under section 473 for leave to amend their complaint after demurrer sustained without leave to amend. In affirming a denial of the motion the reviewing court stated: "The appellants did not present with their motion a proposed amendment to the complaint, as they are required to do under section 473 of the Code of Civil Procedure, *and they made no effort to show that an amendment could be made* which would meet the objections to the former pleading." (P. 135; italics added.) The italicized portions of the above decisions indicate that a failure to accompany

the notice of motion to set aside a default with the proposed amended pleading is not fatal, provided it is presented to the court on the hearing of the motion. This meets the test above mentioned in *County of Los Angeles* v. *Lewis, supra,* 179 Cal. at page 400, that the party seeking relief from default "show his good faith and readiness to at once" produce "a copy of the proposed answer for the inspection of his adversary and the court."

The proposed amended complaint was not fatally defective merely because it still made Central Office Building a party plaintiff even though that party had voluntarily consented to the judgment dismissing it from the action and the appellate court had ruled that it was no longer a party. The allegations concerning Central Office Building could be treated as surplusage.

As to the motion under section 473, "The absence of an affidavit of merits is not fatal [to support a motion to vacate judgment] if merits are shown by a verified pleading accompanying the application or already on file." (See *Daniels* v. *Daniels, supra,* 136 Cal.App.2d 224, 228; *Waybright* v. *Anderson* (1927) 200 Cal. 374, 380 [253 P. 148].) Here the verified amended complaint on file before the motion was heard, sufficiently shows a meritorious claim against defendants.

The order is affirmed.

Sullivan, J., and Molinari, J., concurred.

A petition for a rehearing was denied October 21, 1963, and appellants' petition for a hearing by the Supreme Court was denied November 27, 1963.