[Civ. No. 20784.   Second Dist., Div. One.   Mar. 30, 1955.]

MAGNETTA McGUIRE ZELLERS, Appellant, v. STATE OF CALIFORNIA et al., Defendants; S. L. CHOWNING et al., Respondents.

J. P. Bradley and Glen A. Duke for Appellant.

No appearance for Respondent Chowning.

Moss, Lyon & Dunn, Arvin H. Brown, Jr., and Henry F. Walker for Respondents Oberg.

WHITE, P. J.—Respondents Oscar and Seth A. Oberg move to dismiss this appeal insofar as it concerns them, or for an order directing that the determination of the appeal taken as against respondent Chowning be deferred until entry of judgment has been made in the trial court against appellant and in favor of the moving respondents.

The record reveals that appellant instituted an action against the State of California and respondents herein, seek-

ing injunctive relief and damages for a fill made on appellant's property which changed the flow of water.

Respondents Chowning and Oberg answered separately. The findings of fact and conclusions of law were that respondent Chowning was liable and that a mandatory injunction should issue as to him, requiring that he do certain things, but damages were denied. Respondents Oberg were held not liable to appellant.

However, when the judgment was entered it ran only as to respondent Chowning and no mention whatever was made therein as to respondents Oberg. Appellant then appealed from the "judgment" in favor of respondents Oberg and from a portion of the judgment as to respondent Chowning, but no judgment in favor of respondents Oberg has ever been entered. Appellant has filed her opening brief.

We are now asked by respondents Oberg to either dismiss the appeal as to them or to direct that hearing and determination thereof be postponed until entry of judgment in favor of respondents Oberg has been effected in the trial court, and an appeal taken therefrom.

Appellant opposes the motion and contends that the error is clerical, can be corrected by the trial court *nunc pro tunc,* and further, that such correction is not necessary since the judgment makes no mention of respondents Oberg and, therefore, is necessarily in their favor.

It should be noted that the situation with which we are here concerned arose by reason of the neglect of respondents Oberg, who make the present motion. The duty devolved upon them to see that a judgment in their favor was properly entered.

We are satisfied that the appeal herein should not be dismissed lest such dismissal might prove a bar to a subsequent appeal after a proper judgment was entered as to respondents Oberg. We are satisfied that, in the interest of justice, an order should issue to the trial court to amend the judgment *nunc pro tunc* in accordance with the findings of fact and conclusions of law, by adding to the judgment that respondents Oberg have judgment against appellant. Then, under rule 2, subd. (c), of Rules on Appeal, the reviewing court can treat the notice of appeal as being filed immediately after entry of the judgment as so amended.

It is so ordered.

Doran, J., and Drapeau, J., concurred.