[S.F. No. 23584. June 6, 1977.]

ROY WILSON, Plaintiff and Appellant, v.
SAN FRANCISCO REDEVELOPMENT AGENCY,
Defendant and Respondent.

**COUNSEL**

Nelson & New, New & Kay, Ilson W. New, Daniel L. Gardner, Henrikson & Gee and Eric L. Henrikson for Plaintiff and Appellant.

Harlem, Nevin & Sarrail and John H. Russell for Defendant and Respondent.

**OPINION**

**RICHARDSON, J.**—This case involves the interaction of several related provisions of the Tort Claims Act (Gov. Code, § 900 et seq.; all further statutory references are to that code unless otherwise indicated). Roughly paraphrased, section 911.2 requires the filing with the appropriate public agency of a claim for death or injury within 100 days of accrual of a cause of action. Under section 946.4, subdivision (a), however, a failure

to file a claim does not bar an action against the public agency if, during the period of 70 days immediately after the cause of action accrues, the agency has failed to file in the Roster of Public Agencies, in the office of the Secretary of State and with the county clerk, information concerning itself which substantially conforms to the requirements of section 53051. The latter section, in turn, requires that within 70 days after its creation the governing board of each agency shall file with the Secretary of State and the clerks of those counties in which it maintains an office a statement containing (1) its name and address, (2) the name and address of each member of the governing board, and (3) the name, title and address of the officers. Within 10 days of any change in the foregoing data, an amended statement reflecting the changes must be filed.

■ In the matter before us plaintiff failed to file his claim with defendant agency within the 100-day period specified in section 911.2. We must decide whether section 946.4 excuses plaintiff, as a claimant, from compliance with section 911.2 notwithstanding the fact that (1) he untimely filed a claim with the proper agency at its correct address, and (2) he has not alleged that he was deceived or confused by the agency's noncompliance with section 53051. ■ We will conclude that one of the probable legislative purposes underlying section 946.4 is to assure compliance by public entities with section 53051 thus supplying correct and complete information to the Roster of Public Agencies. ■ We will further conclude that to serve such purpose, section 946.4 should be construed to excuse plaintiff's noncompliance with section 911.2 under the circumstances in this case.

On August 12, 1972, plaintiff Roy Wilson allegedly sustained severe injuries when he drove his car over the edge of a deep excavation in a San Francisco street. On October 30, 1972, 78 days after the accident, and on the theory that the excavation was improperly maintained and inadequately marked, plaintiff filed a timely claim for damages with the San Francisco City Attorney. One hundred and twenty-nine days after the accident, on December 19, 1972, the city attorney returned the claim to plaintiff with the suggestion that it be filed with defendant redevelopment agency which performed the excavation work, and on the same day plaintiff filed the claim with defendant which (at some undisclosed date) rejected it. Plaintiff filed his complaint against defendant agency on August 7, 1973, and the City of San Francisco was not named as a defendant.

It is undisputed that plaintiff's claim was not filed within the period required by section 911.2. Since the accident occurred on August 12, 1972, the claim should have been presented to defendant no later than November 20, 1972. Seeking to invoke the provisions of sections 946.4 and 53051, plaintiff attempted to plead facts showing that he was excused from compliance with section 911.2. Specifically, the second amended complaint alleges that as of the date of the accident, and for a period in excess of 70 days thereafter, ". . . the information contained in [the] most recent information statement filed by said Redevelopment Agency . . . is so inaccurate that it does not substantially conform to the requirements of California Government Code Section 53051." According to plaintiff, the information statement filed by defendant misstated the agency's address and the names of its members and officers.

Defendant demurred to the second amended complaint, noting that plaintiff had ultimately filed a claim with defendant at its correct address, and that plaintiff had failed to allege that his delay in presenting his claim was due either to lack of knowledge or confusion on his part as to the agency's correct address. The trial court sustained the demurrer without leave to amend and accordingly judgment of dismissal was entered. Plaintiff appeals.

Resolution of the issue before us requires a careful scrutiny of the terms of section 946.4 and discovery of the legislative intent underlying the section. As previously noted, section 946.4 states in part as follows: "(a) Where provision is made by or pursuant to law that no suit may be brought against a public agency as defined in Section 53050 unless and until a claim is presented to the agency, *the failure to present a claim does not constitute a bar or defense to the maintenance of a suit* against such public agency if, during the 70 days immediately following the accrual of the cause of action: [¶] (1) No statement pertaining to the public agency is on file, or is placed on file, in the Roster of Public Agencies in the office of the Secretary of State and of the county clerk of each county in which the public agency then maintains an office, as required by Section 53051; or [¶] (2) A statement or amended statement pertaining to the public agency is on file, or is placed on file, in the Roster of Public Agencies in the office of the Secretary of State and of the county clerk of each county in which the public agency then

maintains an office, but *the information contained therein is so inaccurate or incomplete that it does not substantially conform to the requirements of Section 53051.* [¶] (b) On any question of fact arising within the scope of paragraphs (1) and (2) of subdivision (a), the burden of proof is upon the public agency." (Italics added.)

Section 946.4 was adopted in 1965 to clarify certain ambiguities in a predecessor section, former section 945.5. (See Cal. Law Revision Com. com. to § 946.4, 32 West's Ann. Gov. Code (1966 ed.) p. 374; Van Alstyne, Cal. Government Tort Liability (Cont.Ed.Bar 1964) pp. 367-368, 774-775; *id.* (Cont.Ed.Bar Supp. 1969) pp. 93-96, 174-176.) As is apparent from the language of section 946.4, substantial noncompliance by the agency with the requirements of section 53051 unconditionally excuses the claimant from filing a claim. This conclusion is supported by the following language of section 945.4, which concerns the necessity of filing written claims with public agencies, and which recites that, *"Except as provided in Sections 946.4 and 946.6* [petition for relief from claim-filing requirement], no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity . . . ."* (Italics added.) The emphasized reference to sections 946.4 and 946.6 was added to section 945.4 in 1965 for the purpose of directing attention to the "exceptions" to the claim-filing requirement, which exceptions are described in those two sections. (See Cal. Law Revision Com. com. to § 945.4, 32 West's Ann. Gov. Code, *supra,* p. 365.)

Thus, we must reject defendant's suggestion that section 946.4 performs a more limited function, namely, to furnish a ground upon which a claimant might base either a request to the public agency for leave to file a late claim (§ 911.4) or a petition to the court for an order relieving him from the claim-filing requirement (§ 946.6). To the contrary, a fair reading of the sections in question suggests that the agency's failure to comply with section 53051 entitles the claimant to ignore the claim-filing requirement entirely.

Defendant agency contends, however, that section 946.4 should be inapplicable where, as here, the claimant has actually filed a claim, albeit

an untimely one. Focusing on the statutory language, ". . . the failure to present a claim . . ." defendants argue that section 946.4 should be strictly construed as applying only to persons who have failed to present any claim whatever. Such a strict construction, however, would lead to unjust and unsound results. For example, a person, such as plaintiff, who made a belated attempt to comply with the claim-filing requirement would be placed in a *worse* position than one who filed no claim at all, since only the latter would have the benefit of a section 53051 protection. Within another context, however, we have said that the filing of a late claim is ordinarily considered the equivalent of filing no claim whatever. (See *Rand* v. *Andreatta* (1964) 60 Cal.2d 846, 849 [36 Cal.Rptr. 846, 389 P.2d 382], and cases cited.) In this connection, one respected commentator has observed that the wording of section 946.4, subdivision (a) "appears to imply that the section is operative only when no claim has been presented *or, liberally construed, when a claim has been presented after the time specified for presentation.*" (Van Alstyne, Cal. Government Tort Liability (Cont.Ed.Bar Supp. 1969) *supra,* pp. 175-176, italics added.) We believe the foregoing italicized interpretation is consistent with the statutory purposes of the applicable sections, which purposes we now explore.

Defendant relies heavily upon our decision in *Tubbs* v. *Southern Cal. Rapid Transit Dist.* (1967) 67 Cal.2d 671 [63 Cal.Rptr. 377, 433 P.2d 169], but that case is not controlling here. In *Tubbs,* the plaintiff *filed a timely claim* with the proper public agency, but failed to commence her suit to enforce her claim within six months after the claim was deemed rejected, as required by section 945.6. She argued that since defendant agency had not complied with section 53051, she was excused from filing a claim, and a fortiori, from observing the six months' statute of limitations. We rejected the argument, noting that "a claimant who has actually presented a claim with the proper public entity may not invoke those sections [945.5, the predecessor to 946.4, and 53051] to excuse compliance with the claims statutes and circumvent the special six-month statute of limitations." (*Tubbs, supra,* at p. 676.) We further explained that section 53051 was enacted "to provide a means for identifying public agencies and the names and addresses of designated officers needed to enable or assist a person to comply with any applicable claims procedure" (*ibid.*) and that sections 53051 and former 945.5 were "manifestly designed to assist persons who had not filed claims" (p. 677). (Accord, *Rogers* v. *Board of Education* (1968) 261 Cal.App.2d 355 [67 Cal.Rptr. 905].)

Our identification, in *Tubbs,* of the purpose of section 53051, has been criticized on the basis that "The dominant purpose of the roster procedure is to provide reliable information about local public agencies and thus facilitate service of process on them. [Citation.] Relieving plaintiffs of the claims presentation requirements may thus be viewed chiefly as an incentive by public entities to comply with the roster filing provisions, rather than a protection solely for those who failed to present timely claims. By diluting the incentive, Tubbs appears to have watered down the purpose of the roster device as well." (Van Alstyne, Cal. Government Tort Liability (Cont.Ed.Bar Supp. 1969) *supra,* p. 94.) ▮ Accepting, as we may, the proposition that the purposes of section 53051 may be multiple, we nonetheless find *Tubbs* clearly distinguishable since plaintiff herein did not file a *timely* claim with defendant agency, and is thus entitled to the protection afforded by sections 946.4 and 53051. For all that appears of record, defendant's noncompliance with section 53051 might well have contributed to plaintiff's delay in filing his claim.

In connection with the foregoing, defendant notes, however, that the complaint is silent as to whether plaintiff was in fact misled or confused by defendant's noncompliance. ▮ Yet section 946.4 contains no requirement of a showing of actual deception or confusion, and we decline to read such a requirement into the section. As Professor Van Alstyne observes, public agencies should be induced to comply with section 53051; prejudice resulting from incomplete or incorrect roster information should be presumed to exist, so long as the error or omission is a "substantial" one. (See § 946.4.) Defendant does not contend that the alleged inaccuracies involved herein are insubstantial.

▮ We conclude, accordingly, that plaintiff's complaint alleged sufficient facts to constitute a valid excuse for the failure to file a timely claim with defendant agency, and that accordingly the trial court erred in sustaining defendant's demurrer and in dismissing the complaint. In view of our disposition of the matter, we need not consider plaintiff's further contention that his filing of a timely claim with the city attorney constituted substantial compliance with section 911.2, or tolled the running of the 100-day filing period. (See *Elias v. County of San Bernardino* (1977) 68 Cal.App.3d 70 [135 Cal.Rptr. 621].)

The judgment is reversed and the cause remanded with directions to overrule defendant's demurrer to plaintiff's second amended complaint.

Bird, C. J., Tobriner, J., Mosk, J., Clark, J., Manuel, J., and Sullivan, J.,* concurred.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.