Opinion
 

 THE COURT.
 
 *
 

 —This is an appeal from a judgment of dismissal entered pursuant to an order sustaining without leave to amend respondents’ demurrer to the second amended complaint. For reasons stated herein, we affirm.
 

 As defined in Government Code section 53050, the term “public agency” refers to “a district, public authority, public agency, and any other political subdivision or public corporation in the state, but does not include the state or a county, city and county, or city.” Section 53051 of that code requires a public agency to file with the Secretary of State and the county clerk its name and address, and the names and addresses of its governing board members and officers, in an indexed Roster of Public Agencies. We agree with appellant that where a public agency does not
 
 *472
 
 file such information, a claimant’s noncompliance with claims requirements (Gov. Code, § 911.2) does not constitute a bar or defense to maintenance of a suit against such public agency. (Gov. Code, § 946.4; see
 
 Wilson
 
 v.
 
 San Francisco Redevelopment Agency
 
 (1977) 19 Cal.3d 555, 560 [138 Cal.Rptr. 720, 564 P.2d 872].)
 

 However, respondent Vocational Skills Center is not a public agency within the meaning of sections 53050 and 53051. The language of section 53050 does not reflect a legislative intent that the article apply to subdivisions of a district, such as the Vocational Skills Center. Furthermore, section 53051, which requires a statement of the name and address of the governing board, as well as those of its officers, is clearly directed toward the governing body of a public agency, and not to its subdivisions.
 

 Nor should the court imply a filing requirement where a subdivision of a public agency exhibits the extraordinary characteristics of the Vocational Skills Center, i.e., one that operates under a fictitious name and conducts business off its premises. The courts may not add to or alter the words of a statute to accomplish a purpose that does not appear on its face.
 
 (People
 
 v.
 
 Knowles
 
 (1950) 35 Cal.2d 175, 183 [217 P.2d 1], cert. den., 340 U.S. 879 [95 L.Ed. 639, 71 S.Ct. 117].)
 

 The judgment is affirmed.
 

 Appellant’s petition for a hearing by the Supreme Court was denied January 19, 1978.
 

 *
 

 Before Racanelli, P. J., Sims, J., and Elkington, J.