[Civ. No. 3412. Fifth Dist. Dec. 13, 1978.]

TUOLUMNE AIR SERVICE, INC., et al., Plaintiffs and Appellants, v. TURLOCK IRRIGATION DISTRICT, Defendant and Respondent.

## COUNSEL

Hunter & Boyd, Robert S. Boyd and William C. Hunter for Plaintiffs and Appellants.

Lin H. Griffith and Roger K. Masuda for Defendant and Respondent.

## OPINION

**HOPPER, J.**—On October 6, 1975, a 1975 Beech Sundowner aircraft owned by Tuolumne Air Service, Inc. (TAS) crash-landed into Don

Pedro reservoir to avoid allegedly unmarked and improperly charted power transmission lines owned by the City and County of San Francisco. Numerous salvage attempts were unsuccessful. Turlock Irrigation District (TID) has primary management responsibility for Don Pedro reservoir.

The following procedural steps and events occurred after the crash:

1. On January 30, 1976, 116 days after the accident, TAS filed an application for permission to file a late claim with TID.

2. On February 3, 1976, TID denied TAS' application for permission to file a late claim.

3. On February 26, 1976, TAS filed a "Petition For Order Of Relief From Late Claim Application Denial (Gov. Code, § 946.6.)"[1] In their petition, TAS requested either of two remedies: (1) for an order allowing them to file a late claim with TID, or (2) for an order relieving them from complying with the requirement of section 945.4 and allowing them to file suit against TID. In his declaration, TAS' attorney indicated that he was seeking an "Order Of Relief From Late Claim Application Denial."

4. On April 16, 1976, the trial court filed its order granting TAS' petition. The order was captioned "Order Allowing Petitioners To File Late Claim." The order includes a statement that "the petition is granted." On April 19, 1976, the "Notice Of Entry Of Order" was filed.

5. On April 22, 1976, respondent filed a request for findings of fact and conclusions of law. On May 11, 1976, in a letter to respondent's attorney, the trial court denied respondent's request. On May 13, 1976, appellants sent to the trial court a written response to respondent's request for findings.

6. On May 17, 1976, TAS filed a second late claim with TID.

7. On July 30, 1976, 105 days after the trial court's order granting TAS' petition and 74 days after filing a second claim, TAS filed suit against TID for property damages.

TID demurred to the complaint and the trial court sustained the demurrer without leave to amend.

---

[1]Unless otherwise indicated, section references are to the Government Code.

## DISCUSSION

Appellants assert that they never received any notice of the ruling of the court on respondent's request for findings, to which they had objected. Consequently, appellants contend that the petition under section 946.6 is still undetermined and not yet final. The contention is without merit.

■ As Witkin points out: "C.C.P. 632 is in Part II of the code, dealing with 'civil actions,' and has no application to special proceedings." (4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 306, p. 3115.) Petitions under section 946.6 are special proceedings created by statute. That statute does not provide for findings and, consequently, none were required.

Section 946.6 provides in part:

"(a) Where an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from the provisions of Section 945.4. . . .[2]

". . . . . . . . . . . . . . . . . . .

"(f) If the court makes an order relieving the petitioner from the provisions of Section 945.4, suit on the cause of action to which the claim relates must be filed in such court within 30 days thereafter."

■ We hold that under section 946.6 the trial court has no power to order the filing of a late claim, but only the power to allow a timely filing (within 30 days of the order) of a complaint without the filing of a claim at all. This is the plain meaning of the statute. As our Supreme Court stated in *Viles* v. *State of California* (1967) 66 Cal.2d 24, 27, footnote 2 [56 Cal.Rptr. 666, 423 P.2d 818]: "In 1965 section 912 was repealed, and a new procedure for obtaining judicial relief is set forth in section 946.6 of the Government Code. The petition to the superior court, after rejection of the application to the public entity to present a late claim, is now a petition for *relief from having to present any claim at all instead of one for*

---

[2]Section 945.4 prohibits any suit for money or damages against a public entity until a written claim has been filed with the entity and the claim has been denied or deemed denied by the entity.

*leave to present a late claim.* If relief is granted, *suit must be filed* in the granting court within 30 days after the order." (Italics added.)

The complaint filed in this case does *not* satisfy the 30-day statute of limitations in subdivision (f). In *Bahten* v. *County of Merced* (1976) 59 Cal.App.3d 101, 107 [130 Cal.Rptr. 539], relied upon by TAS, the complaint was actually on file when the order relieving the plaintiff from compliance with section 945.4 was made.

While the procedure for granting relief from the claim statutes is remedial in nature and must be liberally construed in favor of the claimant (*Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 480 [58 Cal.Rptr. 249, 426 P.2d 753]), that liberality does not extend to the statute of limitations (see *Chase* v. *State of California* (1977) 67 Cal.App.3d 808, 812 [136 Cal.Rptr. 833]). Subdivision (f) provides a maximum period of 30 days after the granting of judicial relief within which the claimant may commence an action. Thus, the complaint is barred by the statute of limitations.

Such a result is in keeping with the statutory scheme. A petition under section 946.6 must set out all of the information required under section 910 (the contents of a claim). Consequently, when a section 946.6 petition is granted, the entity has the identical information which it would have on the filing of a claim. In one sense the court, in deciding the matter at the hearing on the section 946.6 petition, is substituted for the entity in determining the statutory conditions for excuses or explanations permitting relief (the identical excuses and explanations appear in §§ 911.6 and 946.6, subd. (c)). The filing of another claim with the entity would be an unnecessary duplication with additional expense.

TAS' reliance on *Roberts* v. *State of California* (1974) 39 Cal.App.3d 844 [114 Cal.Rptr. 518] is misplaced. *Roberts,* at page 847, states, "Government Code section 946.6 sets forth the conditions under which the trial court may grant leave to file a late claim." While such language may be considered somewhat imprecise, in *Roberts* the Court of Appeal was actually concerned with the issue of abuse of discretion on the part of the trial court in denying a section 946.6 petition and with the constitutionality of the claims statute, rather than with the issue of devising an alternative remedy to the statute. To the extent that *Roberts* might be interpreted as

permitting an alternative to the statute,[3] we disagree with *Roberts*. We hold that the statutory remedy is exclusive.

Contrary to the contention of TAS, we do not consider the trial court's order to have resulted in a trap. This is not a case of a layman unlearned in the law (see *Syzemore* v. *County of Sacramento* (1976) 55 Cal.App.3d 517 [127 Cal.Rptr. 741]). The petition in this case states that it was being made under section 946.6. To reiterate, that statutory procedure allows the filing of a complaint, *not* a late claim. Application to present late claims are made to the entity (§ 911.4). Petitions for relief from the claim filing requirement (§ 946.6) are made to the court. Section 946.6 is an exception to the claim filing requirement (*Wilson* v. *San Francisco Redevelopment Agency* (1977) 19 Cal.3d 555, 560 [138 Cal.Rptr. 720, 564 P.2d 872]).

■ Nor did the trial court have either the inherent or implied power to allow TAS to file a second claim with TID. The power of the trial court to control its own proceedings is limited by: (i) the court having jurisdiction in the matter and (ii) a statute not having provided a procedure. (2 Witkin, Cal. Procedure (2d ed. 1970) Actions, §§ 6, 7, pp. 884-885; Code Civ. Proc., § 187.) In this case, section 946.6 provides a specific procedure by which the requirement that a claim be first filed with the governmental entity is eliminated. This section does not give the court authority to order the governmental entity to reconsider the claim.

Reliance by TAS on *Rosato* v. *Superior Court* (1975) 51 Cal.App.3d 190 [124 Cal.Rptr. 427], *Johnson* v. *Banducci* (1964) 212 Cal.App.2d 254 [27 Cal.Rptr. 764], and *Clark* v. *Tulare Lake Dredging Co.* (1910) 14 Cal.App.

---

[3]The same Court of Appeal as in *Roberts* apparently does not so interpret the statute (see *County of Sacramento* v. *Superior Court* (1974) 42 Cal.App.3d 135, 137 [116 Cal.Rptr. 602], which correctly refers to late claims under § 911.2 and relief from § 945.4 under § 946.6). In addition to *Roberts*, some other cases may be situations where the court is using the term "late filing" or the like as a shorthand for "petition for relief from filing a claim." See, for example, *Faulkner* v. *Public Employees' Retirement System* (1975) 47 Cal.App.3d 731, 736 [121 Cal.Rptr. 190] (late filing); *Stanley* v. *City and County of San Francisco* (1975) 48 Cal.App.3d 575, 579 [121 Cal.Rptr. 842] (applied to present a late claim); *Carr* v. *State of California* (1976) 58 Cal.App.3d 139, 141 [129 Cal.Rptr. 730] (using §§ 911.4 and 946.6 together in stating "present a late claim"); for cases utilizing the correct and precise language of the statute see *Black* v. *County of Los Angeles* (1976) 55 Cal.App.3d 920, 925-926 [127 Cal.Rptr. 916] (relieved of filing claim); *Bahten* v. *County of Merced, supra*, 59 Cal.App.3d 101, 105-106 (relieving compliance with § 945.4); *Moore* v. *Morhar* (1977) 65 Cal.App.3d 896, 900 [135 Cal.Rptr. 626] (relief from late filing).

414 [112 P. 564], is misplaced. These cases all deal with the trial court's authority to control proceedings currently before the trial court.[4]

The judgment is affirmed.

Brown (G. A.), P. J., and Franson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 21, 1979. Bird, C. J., Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.

---

[4]*Rosato* (power of the trial court to issue "seal orders"); *Johnson* (power of the trial court to permit filing of additional affidavits in summary judgment); *Clark* (power of the trial court to order inspection of machinery by a witness for a plaintiff).