[Civ. No. 22458. Fourth Dist., Div. One. Nov. 26, 1980.]

MARVIN G. HELZER et al., Plaintiffs and Appellants, v. NORTH SAN DIEGO COUNTY TRANSIT DEVELOPMENT BOARD, Defendant and Respondent.

COUNSEL

George R. McClenahan and Harry V. McGahey for Plaintiffs and Appellants.

Higgs, Fletcher & Mack and Gregg C. Sindici for Defendant and Respondent.

OPINION

BROWN (Gerald), P. J.—Marvin Helzer and Merle Price appeal an order sustaining the North San Diego County Transit Development Board's demurrer to their complaint without leave to amend. Maxine Hayworth appeals an order dismissing her complaint against the board for failing to amend after the board's demurrer was sustained with leave to amend. We amend the order of the superior court dismissing Hayworth's action by adding a paragraph dismissing Helzer's and

Price's actions and treat the appeal as one from the judgment of dismissal (*McGee* v. *Weinberg* (1979) 97 Cal.App.3d 798, 800 [159 Cal. Rptr. 86]).

Oriel Price and Marvin Price were killed on June 16, 1977, when their car collided with a bus owned and operated by the board. Merle Price, Hayworth, and Helzer, their heirs, filed wrongful death claims with the board on September 13, 1977, and were notified on September 16, 1977, the board denied their claims. On June 14, 1978, the heirs filed their complaint for wrongful death against the board. The board's demurrer was sustained for the heirs' failure to file their complaint within six months after notice of denial of their claims (Gov. Code,[1] § 945.6, subd. (a)(1)). The heirs appeal the judgment dismissing their complaint.

█ Section 945.6, subdivision (a)(1) requires a suit against a public agency on a cause of action for which a claim is required to be presented under section 911.2 be filed within six months after notice of denial of the claim. Section 945.6 is limited by its own terms by section 946.4, which provides failure to present a claim does not bar a suit against an agency not complying with section 53051. Section 53051 requires a public agency file with the California Secretary of State and the county clerk a statement of facts about the agency. An "agency's failure to comply with section 53051 entitles the claimant to ignore the claim-filing requirement entirely." (*Wilson* v. *San Francisco Redevelopment Agency* (1977) 19 Cal.3d 555, 560 [138 Cal.Rptr. 720, 564 P.2d 872].) Here the board concedes it did not comply with section 53051. The board's noncompliance relieves the heirs from the claim presentation requirement. Since no claim is required to be presented on the heirs' cause of action, section 945.6, subdivision (a)(1)'s six-month limit does not apply.

The board unmeritoriously contends the heirs became subject to the six-month limit of section 945.6, subdivision (a)(1) by presenting a timely claim to the board. The board concedes section 946.4 might excuse the heirs from the six-month limit if they had not filed any claims; but having filed timely claims, the heirs should be subject to the six-month limit. "Such a strict construction, however, would lead to unjust and unsound results." (*Wilson* v. *San Francisco Redevelopment Agency, supra*, 19 Cal.3d 555, 561.) The board would penalize the heirs for

---

[1]All section references are to the Government Code unless otherwise specified.

their attempted compliance with the claim presentation statutes and would place the heirs in a worse position than if they had made no attempt to comply at all. Filing the unnecessary claims was at most superfluous and does not relieve the board from complying with section 53051 before invoking the six-month limit of section 945.6, subdivision (a)(1). The heirs' complaint is not barred by section 945.6, subdivision (a)(1).

The order of the superior court is modified to dismiss the actions of Hayworth, Helzer and Price. As modified, the judgment of dismissal is reversed with directions to the board to answer the complaint and proceed on the merits.

Cologne, J., and Work, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 21, 1981.