[Civ. No. 69299. Second Dist., Div. Six. Jan. 24, 1984.]

CAVALIER ACRES, INC., Plaintiff and Respondent, v.
SAN SIMEON ACRES COMMUNITY SERVICES DISTRICT,
Defendant and Appellant.

COUNSEL

Paul A. Geihs and John A. Geiss for Defendant and Appellant.

Roger C. Lyon, Jr., and Lyon, Miller & Walter for Plaintiff and Respondent.

OPINION

ABBE, J.—Respondent Cavalier Acres, Inc. (Cavalier) filed this action to recover the sum of $7,590 paid by it on February 9, 1982, to appellant, San Simeon Acres Community Services District (District), for an additional sewer and water connection fee for 22 motel units being constructed by respondent. In May 1979 Cavalier had paid District the sum of $6,710, the then full amount of the sewer and water connection fee for the motel units. Cavalier commenced construction prior to January 6, 1982. On January 6, 1982, District adopted resolution number 102, modifying the charges for water and sewer connections, which had the effect of increasing the fee for Cavalier by $7,590. Cavalier paid the additional charges under protest, sued, and recovered judgment for the additional fee on its motion for summary judgment. We affirm.

Appellant raises two points on appeal. (1) That its affirmative defense of the failure of Cavalier to comply with the appropriate claims statute respecting the bringing of a lawsuit against a public entity was valid. (2) That the District may adopt a sewer and water connection fee increase by use of resolution rather than by ordinance. We find neither contention to have merit.

■ Pursuant to the California claims statute (Gov. Code, § 900 et seq.), Cavalier filed a timely claim for recovery of the additional fee paid. We consider the factual circumstances set forth in the claim as inadequate to support some of the pertinent allegations in the complaint. Cavalier contends this is immaterial as it is exempt from filing a claim because of District's admitted failure to comply with Government Code section 53051 requiring the governing board of each public agency to file information concerning the public agency and members of the governing board. In *Lopez v. Southern Cal. Permanente Medical Group* (1981) 115 Cal.App.3d 673 [171 Cal.Rptr. 527], the court pointed out that a complaint filed against a public entity may not allege a cause of action not mentioned in the claim. Although the claim may have been defective here, *Wilson v. San Francisco Redevel-*

*opment Agency* (1977) 19 Cal.3d 555 [138 Cal.Rptr. 720, 564 P.2d 872] teaches us that a public agency's failure to comply with Government Code section 53051 entitles claimants to ignore the claim filing requirement entirely. In *Helzer* v. *North San Diego County Transit Dev. Bd.* (1980) 112 Cal.App.3d 708, 711 [169 Cal.Rptr. 416], the court held that even if a timely but inadequate claim is filed, the public agency's failure to comply with the requirements of Government Code section 53051 made the claim presentation procedures inapplicable and superfluous. We hold Cavalier's complaint is not barred by failure to comply with the California claims statute.

Health and Safety Code section 5471 provides in pertinent part: "Any entity shall have power, by an ordinance approved by a two-thirds vote of the members of the legislative body thereof, to prescribe, revise and collect, fees, tolls, rates, rentals, or other charges, including sewer standby or immediate availability charges, for services and facilities furnished by it, either within or without its territorial limits, in connection with its sanitation or sewerage system; . . ." In *Pinewood Investors* v. *City of Oxnard* (1982) 133 Cal.App.3d 1030 [184 Cal.Rptr. 417], the City of Oxnard contended that it could increase sewer and water connection fees by ordinance or by resolution under Government Code section 38900 which provides: "A city legislative body may construct, establish, and maintain drains and sewers." The *Pinewood* court held that the city had the authority to raise sewer connection fees, but only by complying with the ordinance requirement of Health and Safety Code section 5471 in that a resolution, which by its very nature is adopted without the formality required of an ordinance, cannot be deemed an ordinance or its legal equivalent. The *Pinewood* court further held that the more specific provisions of Health and Safety Code section 5471 prevail over Government Code section 38900 and the more general police power authority.

 This is an even stronger case than *Pinewood* for concluding that the fee increase must be by ordinance. The enabling legislation for appellant, the Community Services District Law (Gov. Code, § 61000 et seq.) provides in section 61621.5 as follows: "Except as otherwise provided in this section, a district may by ordinance adopt regulations binding upon all persons to govern the construction and use of its facilities and property, including regulations imposing reasonable charges for the use thereof. . . ."

 Where a public entity is required to take action by ordinance it cannot validly accomplish the same results through adoption of a resolution. (*City of Sausalito* v. *County of Marin* (1970) 12 Cal.App.3d 550, 565-566 [90 Cal.Rptr. 843].)

■ Government Code section 54992, subdivision (b) provides: "Any action by a local agency to levy a new fee or service charge or to approve an increase in an existing fee or service charge shall be taken only by ordinance or resolution." Appellant misconstrues this section. It does not provide authority for a public entity, already bound by statutory requirements such as Health and Safety Code section 5471 and Government Code section 61621.5 to adopt fee increases by ordinance, to ignore such limitations and adopt increases by resolution. ■ The clear legislative intent of Government Code section 54992, subdivision (b) is to prohibit public entities from adopting fee increases by methods other than resolution or ordinance. ■ As was pointed out in *Kennedy* v. *City of Ukiah* (1977) 69 Cal.App.3d 545 [138 Cal.Rptr. 207], a specific provision of the code relating to a particular subject will govern in respect to that subject as against the general provision, although the latter standing alone would be broad enough to include the subject to which the more particular provision relates. ■ Government Code section 54992, subdivision (b) is a generalized statute applied to a broad range of public entities and to a number of different fee increases other than sewer and water connections. Government Code section 61621.5 applies to only community service districts such as appellant herein and Health and Safety Code section 5471 applies only to water and sewer connection fees and must, therefore, be found to be the specific provisions prevailing over the broader provisions.

We deem it not necessary to consider respondent's other arguments in favor of supporting the judgment in view of our rulings on appellant's contentions.

The judgment is affirmed.

Stone, P. J., and Gilbert, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 14, 1984.