[No. F009237. Fifth Dist. Sept. 15, 1988.]

MARY E. ELMORE et al., Plaintiffs and Appellants, v.
OAK VALLEY HOSPITAL DISTRICT, Defendant and Respondent.

718

**COUNSEL**

Friedman, Collard & Poswall, Morton L. Friedman, Allan J. Owen, Ballati, Carbone & Drago and Mark R. Carbone for Plaintiffs and Appellants.

Kroloff, Belcher, Smart, Perry & Christopherson and Charles M. Craig for Defendant and Respondent.

OPINION

STONE (W. A.), J.— This is an appeal from a judgment of dismissal[1] following sustaining of a demurrer without leave to amend. The basis for the demurrer was appellants' failure to file a claim with respondent as required by Government Code section 911.2.

### STATEMENT OF THE FACTS AND PROCEEDINGS

Darryl R. Elmore was injured in a motorcycle accident on October 16, 1983, and was taken to Oak Valley District Hospital. He subsequently developed an infection, allegedly as the result of negligent medical treatment. On October 15, 1984, a complaint was filed by Mary Elmore on behalf of herself and her minor son, alleging medical negligence. Respondent was identified in the complaint as "Oak Valley Hospital." Appellants alleged that respondent was "doing business as a partnership, corporation, or other type entity" and reserved the right to amend the complaint when respondent's true capacity was ascertained. On September 26, 1986, a first amended complaint was filed.

On June 12, 1987, respondent demurred to the first amended complaint. Attached to its moving papers were documents which identified respondent as a public agency, owned and operated by Oak Valley Hospital District. Respondent alleged appellants had failed to plead compliance with the claims filing requirements of Government Code section 911.2 or section 911.4.[2]

Attached to appellants' opposition to the demurrer were several declarations and a hospital record which revealed that respondent did business under the name "Oak Valley Hospital" or "Oak Valley District Hospital" but filed its statement with the Secretary of State pursuant to Government Code section 53051[3] under the name "Oak Valley Hospital District." When

---

[1] While the order appealed from is entitled "Order of Dismissal," it in fact is only an order ruling on the demurrer. A judgment of dismissal does not appear in the clerk's transcript. An order sustaining a demurrer without leave to amend is nonappealable. In the interest of the orderly administration of justice, however, we decline to dismiss on that ground and will order the trial court to enter a judgment of dismissal nunc pro tunc and will treat the notice as a notice of appeal from the judgment to be entered. (*Evola* v. *Wendt Construction Co.* (1958) 158 Cal.App.2d 658, 660-661 [323 P.2d 158]; *Zellers* v. *State of California* (1955) 132 Cal.App.2d 56, 57 [281 P.2d 296].)

[2] At the times pertinent herein Government Code section 911.2 required that a claim against a public entity be filed within 100 days of the accrual of the cause of action. Government Code section 911.4 provides that a claimant may apply to present a late claim within a reasonable time, not to exceed one year after the accrual of the cause of action.

[3] Government Code section 53051 provides: "(a) Within seventy (70) days after the date of commencement of its legal existence, the governing body of each public agency shall file with

appellants' attorney attempted to ascertain whether Oak Valley District Hospital was listed in the "Roster of Public Agencies," he was advised that there was no such listing. The demurrer was sustained with leave to amend.

A second amended complaint was filed which alleged Government Code section 946.4,[4] relieved appellants from filing a claim because respondent failed to comply substantially with Government Code section 53051. It was also alleged that respondent was estopped to assert appellants' noncompliance with the claims-filing requirements of the Government Code because of the misleading information provided in its statement filed with the Secretary of State.

Respondent filed a demurrer to the second amended complaint on the same grounds as the previous demurrer. Respondent contended it had complied with Government Code section 53051 and it was appellants' confusion that led to their failure to file a claim. Respondent incorporated the documents filed with the first demurrer. The second demurrer was sustained without leave to amend.

Appellants contend their second amended complaint sets forth facts which entitle them to relief from filing a claim on two theories: (1) the case falls within the scope of Government Code section 946.4, and, (2) respondent is estopped from asserting the failure to file a claim as a defense.

the Secretary of State and also with the county clerk of each county in which the public agency maintains an office, a statement of the following facts:

"1. The full, legal name of the public agency.

"2. The official mailing address of the governing body of the public agency.

"3. The name and residence or business address of each member of the governing body of the public agency.

"4. The name, title, and residence or business address of the chairman, president, or other presiding officer, and clerk or secretary of the governing body of such public agency.

"(b) Within 10 days after any change in the facts required to be stated pursuant to subdivision (a), an amended statement containing the information required by subdivision (a) shall be filed as provided therein.

"(c) It shall be the duty of the Secretary of State and of the county clerk of each county to establish and maintain an indexed 'Roster of Public Agencies,' to be so designated, which shall contain all information filed as required in subdivisions (a) and (b), which roster is hereby declared to be a public record."

[4] Government Code section 946.4 states in part: "(a) Where provision is made by or pursuant to law that no suit may be brought against a public agency as defined in Section 53050 unless and until a claim is presented to the agency, the failure to present a claim does not constitute a bar or defense to the maintenance of a suit against such public agency if, during the 70 days immediately following the accrual of the cause of action:

" . . . . . . . . . . . . . . . .

"(2) A statement or amended statement pertaining to the public agency is on file, or is placed on file, in the Roster of Public Agencies in the office of the Secretary of State and of the county clerk of each county in which the public agency then maintains an office, but the information contained therein is so inaccurate or incomplete that it does not substantially conform to the requirements of Section 53051."

## I

### THE FIRST CAUSE OF ACTION

■ The allegations of the first cause of action of appellants' second amended complaint which are relevant to our discussion are found in paragraph XII, which reads: "Pursuant to the terms of Government Code § 946.4 Plaintiffs are relieved from filing a claim against Defendant Oak Valley Hospital since said Defendant failed to comply with the provisions of Government Code § 53051; specifically, the certificate that was filed did not list the agency's full, legal name and the certificate did not list a business or residence address for each member of its governing body."

■ It is elementary that in ruling on a demurrer to a complaint the court must assume all allegations of the complaint are true. The purpose of a demurrer is to test the sufficiency of the complaint as a matter of law. (5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 894, p. 333.) ■ Examining paragraph XII in this light, appellants have sufficiently pleaded an excuse from the claim-filing requirements. (*Wilson* v. *San Francisco Redevelopment Agency* (1977) 19 Cal.3d 555 [138 Cal.Rptr. 720, 564 P.2d 872].)

Respondent, however, contends both the trial court and this court must take judicial notice of the certificate which it filed pursuant to Government Code section 53051, and, as a matter of law, must conclude that respondent substantially complied with that section.

"When any ground for objection to a complaint . . . appears on the face thereof, or from any matter of which the court is required to or may take judicial notice, the objection on that ground may be taken by a demurrer to the pleading." (Code Civ. Proc., § 430.30, subd. (a).)

■ A court, in determining whether a general demurrer should be sustained, "may consider not only the facts appearing upon the face of the complaint but also any matter of which the court is required to, or may, take judicial notice [citations]." (*Dryden* v. *Tri-Valley Growers* (1977) 65 Cal.App.3d 990, 997 [135 Cal.Rptr. 720].)

Evidence Code section 452, subdivision (c), provides: "Judicial notice may be taken of the following matters to the extent that they are not embraced within Section 451:

" . . . . . . . . . . . . . . . . . . .

"(c) Official acts of the legislative, executive and judicial departments of the United States and of any state of the United States."

■ As we have noted in footnote 3, above, once a statement is filed pursuant to Government Code section 53051, it becomes the duty of the Secretary of State and the county clerk to place the information so filed in a "Roster of Public Agencies." That roster is declared by section 53051 to be a public record.

Thus, a statement filed with the Secretary of State and indexed in the "Roster of Public Agencies" becomes a document of which a court can properly take judicial notice. Evidence Code section 453 provides: "The trial court shall take judicial notice of any matter specified in Section 452 if a party requests it and:

"(a) Gives each adverse party sufficient notice of the request, through the pleadings or otherwise, to enable such adverse party to prepare to meet the request; and

"(b) Furnishes the court with sufficient information to enable it to take judicial notice of the matter."

Code of Civil Procedure section 430.70 provides: "When the ground of demurrer is based on a matter of which the court may take judicial notice pursuant to Section 452 or 453 of the Evidence Code, such matter shall be specified in the demurrer, or in the supporting points and authorities for the purpose of invoking such notice, except as the court may otherwise permit."

■ In order to comply with section 430.70, respondent attached to its points and authorities in support of its demurrer a copy of the resolution of the Stanislaus County Board of Supervisors establishing the hospital district known as the "Oak Valley Hospital District." Judicial notice of such a resolution is properly taken pursuant to Evidence Code section 452, subdivision (b). Then, in further compliance with the judicial notice requirements, it attached a copy of its "Statement of Public Agency," filed with the Secretary of State on February 3, 1984. The statement contains each item of information required by Government Code section 53051, subdivision (a), to wit: the agency's full legal name, the official mailing address of the public agency, the name and address of each member of the governing body, and the name, title and residence address of the chairman, president or other presiding officer and of the clerk and secretary.

Respondent conclusively refuted appellants' allegation in their first cause of action that "Defendant failed to comply with the provisions of Govern-

ment Code § 53051; . . ." The demurrer to the first cause of action was correctly sustained without leave to amend.

## II

### THE SECOND CAUSE OF ACTION

 Nevertheless, we fully understand appellants' predicament. While respondent's legal name, the name under which it filed with the Secretary of State in order to comply with Government Code section 53051, was "Oak Valley Hospital District," it conducted business as "Oak Valley District Hospital." When appellant contacted the Secretary of State to ascertain the status of "Oak Valley District Hospital," the response was that no such entity was registered. Appellants argue they failed to file a claim with respondent because they believed either that respondent had failed to comply with Government Code section 53051 or that respondent was not a public agency. They therefore plead in their second cause of action that respondent is estopped from raising as a defense the failure to file a claim. The details of their pleading are as follows:

"XIV.

"At all times herein mentioned Defendant Oak Valley Hospital was a public agency within the State of California and County of Stanislaus and did business under the name 'Oak Valley District Hospital'.

"XV.

"Plaintiffs are informed and believe and thereon allege that at all times relevant hereto, Defendant Oak Valley Hospital, through its officers and agents, caused to be filed a certificate under the name 'Oak Valley Hospital District', but did not file a certificate under the name 'Oak Valley District Hospital'.

"XVI.

"At a point in time between May, 1984 and October of 1984, Plaintiffs' attorney contacted the Secretary of State's office to ascertain if 'Oak Valley District Hospital' was listed on the Roster of Public Agencies. Plaintiffs' attorney was advised that Oak Valley District Hospital was not listed on the Roster. In reliance upon this information, Plaintiffs' attorney did not present a claim to Defendant Oak Valley Hospital.

## "XVII.

"By filing a certificate under the name 'Oak Valley Hospital District', instead of 'Oak Valley District Hospital', Defendant mislead [*sic*] Plaintiffs and Defendant Oak Valley Hospital District is estopped to assert Plaintiffs' noncompliance with the claims filing requirements of the Government Code."

█ Four elements must be present in order to apply the doctrine of estoppel to a public entity: (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury. (*Driscoll* v. *City of Los Angeles* (1967) 67 Cal.2d 297, 305 [61 Cal.Rptr. 661, 431 P.2d 245].)

The existence of an estoppel is a question of fact for the trial court. (*Henry* v. *City of Los Angeles* (1962) 201 Cal.App.2d 299, 306 [20 Cal.Rptr. 440].) Estoppel can arise under many factual situations. █ A demurrer is not the proper vehicle by which to resolve such factual issues, e.g., whether respondent was apprised of the potential for confusion caused by the discrepancy in names, whether respondent intended possible claimants to act upon the assumption that its name was as represented in its records, and whether appellants reasonably relied upon the manner in which respondent identified itself in its records.

We cannot and do not determine as a matter of law that respondent is estopped from asserting as a defense appellants' failure to comply with the claims statutes. Rather, we hold only that the facts, as pleaded by appellants, are sufficient to constitute such an estoppel. Whether appellants can prove the elements of estoppel requires factual determinations which cannot properly be made on demurrer. The trial court erred in sustaining the demurrer to appellants' second cause of action.

The superior court is ordered to enter a judgment of dismissal nunc pro tunc as of the earliest date it could have been entered; the notice of appeal will be deemed an appeal from said judgment.

The judgment of dismissal is affirmed as to the first cause of action and reversed as to the second cause of action. The superior court is directed to vacate its order sustaining the demurrer to the second cause of action without leave to amend and to enter a new order overruling the demurrer as to the second cause of action.

Costs on appeal to appellants.

Woolpert, Acting P. J., and Ardaiz, J., concurred.

A petition for a rehearing was denied October 11, 1988.