TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

| | | |
|---|---|---|
| OPINION | : | No. 90-932 |
| of | : | |
| | : | SEPTEMBER 4, 1991 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. Da VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE DIANE E. WATSON, MEMBER OF THE CALIFORNIA SENATE, has requested an opinion on the following question:

Is the personnel commission of a school district authorized to provide a group medical benefits plan for its former members?

CONCLUSION

The personnel commission of a school district is not authorized to provide a group medical benefits plan for its former members.

ANALYSIS

A school district which has adopted the employee merit system provisions of article 6, commencing with section 45240 of the Education Code,[1] may create a personnel commission to regulate the classified service within the jurisdiction of the district governing board or of the commission. (§ 45256.) The commission may be composed of three or five members, all of whom are appointed. (§§ 45243, 45245.)

The present inquiry is whether former personnel commission members, whether retired or otherwise terminated, are eligible for participation in a group medical benefits plan provided by the commission. We conclude that the commission may not provide such coverage.

Government Code section 53201 is the governing statute requiring analysis. It provides as follows:

"(a) The legislative body of a local agency, subject to such conditions as may
be established by it, may provide for any health and welfare benefits for the benefit

_____

[1]All section references are to the Education Code unless otherwise specified.

1.                                                                                          90-932

of its officers, employees, retired employees, and *retired members* of the legislative body who elect to accept the benefits and who authorize the local agency to deduct the premiums, dues, or other charges from their compensation, to the extent that such charges are not covered by payments from funds under the jurisdiction of the local agency as permitted by Government Code Section 53205.[2]

"(b) The legislative body of a local agency may also provide for the continuation of any health and welfare benefits for the benefit of *former elective members* of the legislative body who (1) served in office after January 1, 1981, and whose total service at the time of termination is not less than 12 years, or (2) have completed one or more terms of office, but less than 12 years, and who agree to and do pay the full costs of the health and welfare benefits." (Emphases added.)[3]

Inasmuch as the personnel commission members in question are appointed and not elected, the provisions of subdivision (b) of the statute are not pertinent to this analysis. As the provisions of subdivision (a) of the statute concern current[4] and retired[5] officers and employees, former appointed members who terminated other than by retirement are not included within the statutory grant of power. (See *Wildlife Alive v. Chickering* (1976) 18 Cal.3d 190, 196; 71 Ops.Cal.Atty.Gen. 266, 274 (1988); 70 Ops.Cal.Atty.Gen. 227, 230 (1987).)

In any event, it must first be determined whether a personnel commission is a "local agency" within the meaning of Government Code section 53201. The references to the "legislative body" of a "local agency" are, inter alia, to the "governing board, by whatever name called, of a school district, district, municipal corporation, political subdivision, public corporation, or *other public agency of the state*." (Gov. Code, § 53200, subds. (a) and (c), emphasis added.) The last three words, *i.e.,* "of the state," are not to be literally construed as indicating state agencies, but should be reasonably understood in the context of the term defined, *i.e.,* "*local* agency." The words are preceded by the word "other," to which the rule of *ejusdem generis* may reasonably be applied. Thus, while the latter expression may have the meaning of different or distinct from that already mentioned, yet when it follows an enumeration of a particular class, "other" must be read as "other such like" and includes only others of like kind or character. (*Estate of Stober* (1980) 108 Cal.App.3d 591, 599.) Hence, "other public agency of the state" refers to other public agencies of a local kind or character.

---

[2]Government Code section 53205 provides in part:

"From funds under its jurisdiction, the legislative body may authorize payment of all, or such portion as it may elect, of the premiums, dues, or other charges for health and welfare benefits of officers, employees, retired employees, former elective members specified in subdivision (b) of Section 53201, and retired members of the legislative body subject to its jurisdiction."

[3]The reference to "health and welfare benefits" in Government Code section 53201 includes medical benefit plans. (Gov. Code, § 53200, subd. (d).)

[4]Current members are included in Government Code section 53201, subdivision (a), either by virtue of its reference to "officers" or "employees." (Gov. Code, § 53200, subd. (e).)

[5]The nature of a "retired" member, as distinguished from a former elective member, was analyzed in 62 Ops.Cal.Atty.Gen. 631, 633 (1979).

In our view, the personnel commission is not such a public agency within the purview of the statutes under consideration. Of course, the words "public agency" have been used in various statutes with different connotations. (See Gov. Code, §§ 1150, 3501, 4401, 6500, 20009-20009.12, 22009, 31204, 31478, 31895, 51291, 53050; 44 Ops.Cal.Atty.Gen. 98, 101 (1964).) Generally speaking, a public agency is a department or agency of government having official status (see Black's Law Dict. (6th ed. 1990) p. 1227), and which, for purposes of the statute in question, is governed by its own legislative body.

As previously pointed out, a "public agency" for purposes of this statutory scheme is expressly defined to include "a . . . school district . . . or other public agency . . . ." (Gov. Code, § 53200, subd. (a).) We believe that the express inclusion of a school district in the definition of "local agency" clearly excludes a subordinate body of that agency. The personnel commission of a school district is a subdivision of the district as, for example, was the vocational skills center in *Hovd* v. *Hayward Unified School District* (1977) 74 Cal.App.3d 470. Generally, a public agency has only one legislative body -- in this instance, the governing board of the school district is the district's legislative body. In this regard, we note that the definition of the term "governing board" in section 78 of the Education Code does not include the legislative body of a personnel commission.

Furthermore, the powers granted to a personnel commission, considered in relation to those granted the governing board of a school district, are not consistent with the exercise of authority under the statutes in question. A personnel commission is authorized to: (1) prepare an annual budget for its own operation, including amounts for the orientation, training, and development of its staff, subject to approval of the county superintendent of schools (§§ 45253, 45255), (2) appoint and supervise the activities of its staff (§ 45264), (3) classify all nonexempt employees and positions within the jurisdiction of the district governing board or of the commission (§ 45256), and (4) prescribe, amend, and interpret such rules as may be necessary to insure the efficiency of the service (§ 45260).

On the other hand, it is the district board that is vested with the power to (1) prescribe the duties to be performed by all persons in the classified service except those assigned to the commission (§ 45109; cf., 54 Ops.Cal.Atty.Gen. 77, 81 (1971)), (2) *prescribe and order paid the compensation of classified employees* (§§ 45267; 45268; cf., 54 Ops.Cal.Atty.Gen., *supra*, 78), (3) *employ, pay*, and otherwise control the services of such employees (§ 45241; *California School Employees Assn.* v. *Personnel Commission* (1970) 3 Cal.3d 139, 142), and (4) suspend or dismiss such employees (§ 45304; *California School Employees Assn.* v. *Personnel Commission, supra*).

Hence, a personnel commission has no power with respect to the salaries and other forms of compensation of district employees, including those assigned to the commission. Moreover, it is the governing board and not the commission that is authorized to set the remuneration of the members of the personnel commission. (§§ 45250, 45251.) We do not ascribe to the Legislature an intent to confer upon more than one legislative body the same powers respecting the same subject matter. Consequently, the personnel commission of a school district is neither a "local agency" nor the "legislative body" of a local agency for purposes of Government Code section 53201. These terms refer to the school district and its board of trustees in granting the authority in question.

It is concluded that a personnel commission is not authorized to provide a group medical benefits plan for its former members.

\* \* \* \* \*